### POWERS v. SILBERSTEIN.

*(Superior Court of New York City, General Term.   June 27, 1890.)*

No opinion.   Motion must be denied.

---

### RAY, Respondent, v. RAY, Appellant.

*(Common Pleas of New York City and County, General Term.   January 12, 1891.)*

Appeal from special term.
Argued before ALLEN, BISCHOFF, and PRYOR, JJ.
*Fromme Bros.*, for appellant.   *Charles Strauss*, for respondent.

No opinion.   Order affirmed, with costs.

---

### MURRAY v. J. J. NICHOLS MANUF'G CO.

*(City Court of New York, General Term.   December 1, 1890.)*

SALE—BUYER'S LIABILITY—DAMAGE TO GOODS.
  Where glass-ware was shipped by plaintiff in Connecticut for delivery to defend-
  ant in New York, the freight to be paid by plaintiff, the risk of transportation was
  on him, and defendant was not liable for the price of goods broken before delivery.

Appeal from trial term.
Action by James J. Murray against the J. J. Nichols Manufacturing
Company, a corporation, for goods sold and delivered.   The jury found a
verdict for plaintiff.   From the judgment for plaintiff entered on the verdict,
defendant appeals.
Argued before McADAM, C. J., and EHRLICH and FITZSIMONS, JJ.
*L. M. Doscher*, for appellant.   *C. S. Miller*, for respondent.

PER CURIAM.   The defendant proved that the deliveries were to be made
in New York; that although the goods came from Meriden, Conn., the freight
was always charged to and paid by the plaintiff.   The risk of transportation
was therefore upon him, and he in turn had his remedy for injuries to the
goods against his carrier.   Breakage was one of the incidents of the carriage
not assumed by the defendant.   Putting the words "no allowance for break-
age" on the invoices can hardly be extended so as to make the defendant pay
for valueless broken glass-ware, neither ordered nor desired, where, as in
this case, the damage was done before the goods reached the defendant or its
agents.   The counter-claim for goods sold to Nichols individually was care-
fully excluded from the consideration of the jury by the trial judge, so that
the question whether a manufacturing corporation can purchase a claim for
unliquidated damages is not before us for decision.   The case was carefully
tried, the verdict is sustained by the evidence, and the judgment appealed
from must be affirmed, with costs.