CASE 99—ACTION ON CHECK—JUNE 9.

# Clay City National Bank v. Conlee.

APPEAL FROM POWELL CIRCUIT COURT.

BANKS—SENDING MONEY BY MAIL.—It is the duty of a bank to which a check has been transmitted by mail with directions to send cash for same, to send the money by registered and not by ordinary mail; and when the money is lost by reason of such failure the bank is liable.

JOHN D. ATKINSON FOR THE APPELLANT.

1. The amended reply was a departure from the original cause of action and should not have been permitted to be filed.
2. The agreement of the bank is to pay its depositors at its banking house and not elsewhere. Branch v. Dotson, 33 Minne., 399.
3. In the absence of special directions as to how money should be transmitted the bank had the right to use any proper means to effect the object. 1 Am. & Eng. Ency. of Law, 353 and notes, 355; Same, vol. 5, 573, 574; 3 Dana, 205; 10 Bush, 344; 5 Dana, 173.
4. There is no evidence in the record of the fact that the money mailed by the bank never reached its destination.
5. It was not actionable negligence to send the money by ordinary mail. 16 Am. & Eng. Ency. of Law, 428, 433; Milwaukee, &c., R. R. Co. v. Kellog, 94 U. S., 469.
6. There is no evidence of negligence on its part contributing to the loss of the money. 16 Am. & Eng. Ency. of Law, 466, and references.

J. J. C. BACH AND W. S. PRYOR FOR APPELLEE.

1. The amended reply was not a departure from the original cause of action; it was merely a plea in avoidance of the defense stated in the answer. Pleading in the alternative is admissible. Civil Code, sec. 113.
2. The evidence shows that the appellee did not receive the money. He swore to the fact, produced appellant's letter to the company that the money had been sent by registered mail and proved by the postmaster that this had not been done.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

Cole & Rigsby had money deposited to their credit in the appellant bank, and they drew a check on it for $100;

and the appellee, Conlee, was the holder of it. The bank was located at Clay City, Powell county, Ky.; and the appellee seems to have lived at Swampton, Magoffin county, Ky. He wrote the appellant, and inclosed the check, with directions to send him cash for same; and, having failed to receive it, he sued the bank, alleging that it was indebted to him on account of its failure to send him the money.

The bank filed an answer, in which it admitted that it had received the check, and averred that "it mailed to him, at Swampton, Ky., the amount of said check, in currency, by placing same in an envelope addressed to John Conlee, Swampton, Magoffin county, Ky., and putting the necessary amount of stamps on same and placing same in the mail box of the postoffice at Clay City, Ky."

It will be observed that it is not averred in the answer' that the envelope containing the money was sent as a registered package. The plaintiff replied to the effect that, if the money was sent at all it was not by registered package. Subsequently the plaintiff filed an amended reply, in which he stated the defendant either did not mail to him the money as averred in the answer, or, if it did do so in the manner claimed in the answer, it neglected to send the same by registered letter; that one of these statements was true, but he did not know which one.

Under section 113, Civil Code of Practice, it was proper to plead in the alternative, as was done in this case, provided the amended reply was not a departure from the original cause of action. A departure in a subsequent pleading is not permissible at common law; neither is it under our Code of Practice. The cause of action here was the alleged failure to pay the money on the check. The

plaintiff did not present the check for payment in person, but requested the money to be sent to him; and the defendant neglected to do so. In order to constitute a payment to the plaintiff, it was necessary that the bank should have selected, in the absence of the instructions, the usual agency for the transmission of money to the point where the plaintiff directed it to be sent. There is no question in this case but that the proper method was to send it by registered package. The bank does not claim that it handed the package to the postoffice official in Clay City, and requested him to register it, but claims in evidence that it was deposited in the postoffice box, and that it notified the assistant postmistress that there was a package, in the bundle of letters which it deposited, to be registered. This is denied by the assistant postmistress. The testimony in the case shows that there was no record of the registration of the package.

We are of the opinion that it was the duty of the bank to have delivered the package to the postoffice, and have taken a receipt for it. If a receipt had been taken, then there would have been no difficulty in showing that the package was actually deposited in the postoffice. The taking of a receipt for the package was as much its duty as to have deposited the money; and its failure to do so appears to have been the proximate cause of the loss, if the money was deposited there as claimed by the bank. If a receipt had been taken, then the postmaster would have been compelled to show that he delivered the money to the carrier whose duty it was to take it to the next postoffice, where a record would have been made of it. In the first place, we do not think the evidence of the defendant was sufficient to exonerate it from liability to the plaintiff for the amount of the check.

Besides, the answer presented no defense. The bank did not pay the money by simply placing the money in an envelope, putting necessary stamps on it, addressing it to plaintiff, and depositing it in the postoffice. It is not even alleged in the answer that a stamp was put on it which entitled it to go as a registered package. The pleader might have considered ordinary postage stamps necessary stamps. Even if the amended reply could be adjudged to be a departure from the original cause of action, the bank was not prejudiced thereby. If the bank had delivered the money to the postmaster or his assistant at Clay City, and taken a receipt therefor, it could not be held liable in case the money had failed to reach the plaintiff.

The judgment is affirmed.