## HERRING-MARVIN CO. *v.* SMITH.

[72 Pac. 704, 73 Pac. 340.]

CONSTRUCTION OF COMPLAINT AFTER ANSWER.

1. Complaints will be construed more favorably to the pleader after answer than before. For instance, a contract was printed on a form headed "Herring-Hall-Marvin Co.," but was addressed "Hall's Safe & Lock Works," and the latter was referred to in the body of the instrument as the contracting party. The complaint alleged that the contract was made with the Herring Co. *Held,* that after answer the complaint will be considered as inferentially alleging that the Herring Co. and the Hall Works are the same organization.

CONSTRUCTION OF CONTRACT—LEASE OR CONDITIONAL SALE.*

2. A contract between the owner of a chattel and another person, providing that such person shall have possession of the chattel; that he shall pay to the owner for such chattel a stated sum in specified payments as "rent"; that when this shall be done the owner will sell the chattel to such person for one dollar; that if default shall be made in the payment of the reserved rent, or in the performance of other specified conditions, the owner may retake such chattel, retain all rent then paid, and terminate the "lease"; that such other person shall hold possession of the chattel and keep it insured; and pay interest on the overdue payments, is a conditional sale and not a lease.

BROKEN CONDITIONAL SALE CONTRACT—RIGHT OF VENDOR.

3. Where a conditional sale contract has been broken by the vendee the vendor may waive his right to recover possession of the property, and sue for the purchase price, treating the contract as executed.

PLEADING—IMPLIED ADMISSION BY IRRELEVANT DENIAL.

4. Where a complaint alleged that plaintiff was incorporated in New Jersey, and the answer denied that plaintiff was incorporated in California, the incorporation in New Jersey was admitted.

RESCISSION OF EXECUTORY CONTRACT—REMEDY OF OTHER PARTY.

5. Either party to an executory contract may retire from it, if he chooses, but by so doing he subjects himself to an action for damages by the other party. In such a case of course no action can be brought on the contract itself.

SALES—EFFECT OF DELIVERY TO CARRIER.

6. A contract of conditional sale, providing for shipment by the vendor at a distant point, *"via* best route," stipulating for safe delivery on cars at the city where the purchaser lived, at which time he should repay the vendor the freight bill, is a contract to deliver to the buyer at the place where he lived, and a delivery to a carrier for shipment is not a delivery to the buyer.

ISSUE APPEARING OF RECORD—NEED OF ALL THE TESTIMONY.

7. Where, on appeal, it appears from plaintiff's own showing in the bill of exceptions, taken in connection with the pleadings and the contract involved, that

---

*NOTE.—The notes to the following named cases contain many authorities discussing the difference between bailments and sales: *Hineman* v. *Matthews,* 10 L. R. A. 233; *Tufts* v. *D'Archambal,* 24 Am. St. Rep. 79, 84, 12 L. R. A. 446, 447; *Weinstein* v. *Freyer,* 12 L. R. A. 700, 703; *Andrews & Co.* v. *Colorado Sav. Bank,* 46 Am. St. Rep. 291, 295-298.

See, also, extended note, Rights and Liabilities of Vendor and Purchaser by Conditional Sale on Default of Payment, in 32 L. R. A. 455-471.—REPORTER.

he is not entitled to recover, the ruling of the trial court on a motion for a nonsuit may be reviewed, although only part of the evidence appears in the record, for enough appears to show the basis of plaintiff's claim.

WAIVING OBJECTION THAT MOTION FOR NONSUIT IS DEFECTIVE.

8. Where, on appeal, the correctness of a ruling as to a nonsuit is tried out on the merits, an objection on rehearing that the motion for the nonsuit was insufficient because it did not state the specific ground on which it was based, will not be entertained, as it was waived by not being urged at the proper time.

From Union : ROBERT EAKIN, Judge.

The complaint herein sets up, in substance, that plaintiff, the Herring-Hall-Marvin Co., is a corporation organized under the laws of New Jersey; that on the first day of April, 1901, defendant made, executed, and delivered to plaintiff an instrument in writing, which is made a part thereof; that on or about the fifth of June, 1901, the plaintiff shipped the safe mentioned therein, and consigned the same to defendant at the town of La Grande, Oregon, *via* best route, and that it arrived at its destination on the twentieth of June; that the freight thereon from San Francisco, California, to La Grande, Oregon, was $78.65, which defendant refused to pay; that plaintiff complied with all the conditions of said instrument upon its part to be performed, and that there is now due from defendant to plaintiff the said sum of $78.65, and one sixth of the purchase price of said safe, namely, $53.50, and interest thereon at the rate of ten per cent per annum from July 20, 1901. This is followed by the usual prayer for judgment. The following is a copy of the instrument upon which the complaint is based :

HERRING, HALL, MARVIN CO.

La Grande, Oregon, April 1, 1901.
Hall's Safe and Lock Works, San Francisco.

Please ship as directed one number 185 safe of the dimensions and plans of interior as specified on back of this order, marked to James R. Smith, Town of La Grande, County of Union, and State of Oregon, *via* best route, for which I agree to pay to your order the sum of $321.00,

gold coin, rent as follows: Fgt. on arrival, and balance in six equal payments of 30 days each, to date from arrival of safe in La Grande, or 5 per cent said balance in 30 days from arrival, for safe delivery on cars at La Grande, Oregon.

It is agreed that the undersigned shall not permit the safe to be removed from the place above mentioned, nor injured, nor taken by any other person or process, and shall pay the monthly rent each month when due. At the end of the time above mentioned, if the undersigned shall have paid the monthly rent each month when due, and kept the above conditions, the company will sell the undersigned the safe for one dollar. Until then it shall remain absolutely the company's property. If any of the above conditions are violated, or any month's rent shall remain unpaid for thirty days after it becomes due, the company or its agents may at any time thereafter, without previous demand, retake possession of the safe, retain all rent paid, and terminate this *lease;* and the undersigned shall have no claim on the company or safe. All moneys to be paid to the company at its office in San Francisco. The undersigned agrees to keep the above safe insured for its value in a good company at his own expense, and in event of fire this contract shall be a lien upon said insurance policy for the amount that may at that time be due upon this contract. In the event of failure to make payments when due, interest at the rate of ten per cent per annum shall be paid upon such deferred payments from the time when due until paid. And if for any cause Hall's Safe and Lock Works shall bring suit to recover possession of said safe in accordance with the terms of this contract, the undersigned agrees to pay Atty's fees and costs of court. It is understood and agreed by the undersigned that all the conditions of this order are contained in the above, that no verbal statements or agreements with the agent shall bind the Hall's Safe and Lock Works to anything not written in the body of this order, and that this order is not subject to countermand.        JAMES R. SMITH.

The defendant interposed a demurrer to the complaint, which being overruled, he answered, denying that plaintiff

was a corporation organized under the laws of California, and all other allegations of the complaint, and, for a separate defense, setting up, in effect, that the order or contract was for a safe of a different make and quality from the one sought to be delivered, and that on account of the delay in furnishing the safe contracted for he countermanded the order. A trial was had, resulting in a verdict and judgment for plaintiff, from which defendant appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. C. H. Finn.*

For respondent there was a brief and an oral argument by *Mr. J. W. Knowles.*

MR. JUSTICE WOLVERTON, after stating the facts in the foregoing terms, delivered the opinion.

The sufficiency of the complaint is challenged by objections to the introduction of evidence intended to establish defendant's liability. It is unnecessary to take note of the demurrer, as the act of answering over brings us to this point, and the complaint must be tested by its sufficiency after verdict.

1. The first criticism is that the contract sued on, as shown by the complaint, is not a contract with the plaintiff, but with the Hall's Safe & Lock Works, a different and distinct concern. There was a tendency in the evidence, however, to show that plaintiff, or the corporation designated as the Herring-Hall-Marvin Company, is the parent concern, and that Hall's Safe & Lock Works is the name given to a sort of repair shop located at San Francisco, which is but a branch of the plaintiff's, without separate organization, and that the order was given to the plaintiff in the name of the latter. This fact, if it be such, which was a matter for the jury to determine, might have been stated more explicitly in the complaint, and, being

so stated, it would undoubtedly contain a good cause of action in favor of the plaintiff. But there is an allegation that defendant made, executed, and delivered the instrument to plaintiff, which, by taking note of the manner in which it is addressed, is inferentially an allegation that the Hall's Safe & Lock Works is the same organization as the plaintiff, and we think is sufficient after answer.

2. The question of larger moment is whether the contract is one of leasing or a sale. The court treated it as a conditional sale, and the trial was conducted upon that theory. In this the defendant assigns error. If a lease, no title to the property passed to the defendant, and plaintiff pursued an inapt procedure in causing it to be attached and procuring an order in the judgment for its sale. If a sale, we have incidentally to determine whether plaintiff has adopted an appropriate form of action under its theory of the case. It is of but little consequence what name may be given to the paper, whether lease or sale. Its real character is to be determined by the legal effect of its conditions, that is, the ruling or prevailing intention of the parties, to be gathered from the language employed. The form of the instrument is not controlling. There is a direct undertaking on the part of the defendant to pay to the order of the plaintiff $321, denominated "rent," in six equal payments of thirty days each. At the expiration of the time, if the monthly rent has been paid, the company agrees for $1 to sell; but it is further provided that, if any month's rent shall remain unpaid for thirty days after it becomes due, the company may retake possession, retain the rent paid, and terminate the lease, and that the defendant shall thenceforth have no claim on the company or safe; that the defendant shall keep the property insured for its value at his own expense, and in the event of fire the contract shall be a lien upon the policy for the amount

that may at the time be due, and shall pay interest upon all deferred payments.

Now, if a lease, why is there a definite sum named to be paid eventually, and why is it stipulated that when said sum is paid a sale will be made for the nominal sum of $1? A leasing can be accomplished by much less indirection than this. Again, if a lease, why the stipulation that if any rent shall remain unpaid for thirty days the company may retake possession, retain the rent, and terminate the lease, and that thereafter the defendant shall have no claim upon the company or the safe? In an ordinary leasing, and one suggested by direct business methods, the rent is a consideration that belongs to the lessor as of course, and no stipulation that he may retain it is necessary. Nor was there the least necessity for the provision that defendant should thenceforth have no claim upon the property. And, further, a lessee ordinarily can have no insurable interest in the subject of the lease, as he has absolutely no property therein. This contract, however, treats him as acquiring an interest in proportion as the amount paid stands to that agreed to be paid. These provisions are wholly inconsistent with the idea of a lease, but of themselves, and especially when read in connection with the other stipulations entered into by the parties with reference to the subject of their dealings, clearly manifest an intention to effect a sale, not absolute and irrevocable, but conditional, the vendor giving possession, but reserving the title until the consideration or purchase price is fully paid. Nor can the terms "rent," "monthly rent," and "lease" operate to mask the purpose, and make the contract anything else than such as the real and true intendment of the parties has made it. This view is not one of first impression with this court. In *Singer Mfg. Co.* v. *Graham*, 8 Or. 17 (34 Am. Rep. 572), the company, through its agent, took from one Morgan what purported on its

face to be a contract of hiring or leasing of a sewing machine, at $10 per month, but stipulated with Morgan that when $65, the value of the machine, was paid, it should belong to the latter. Speaking of this contract, the court, through Mr. Chief Justice KELLY, said: "It was only a conditional sale, accompanied by the possession, which Morgan was permitted to retain until the condition was broken." Other contracts of a similar nature have been so construed by this court: *Rosendorf* v. *Baker*, 8 Or. 240 ; *Schneider* v. *Lee*, 33 Or. 578 (17 Pac. 269). Authorities elsewhere are abundant in support of this construction: *Quinn* v. *Parke & Lacy Mach. Co.* 5 Wash. 276 (31 Pac. 866); *Loomis* v. *Bragg*, 50 Conn. 228 (47 Am. Rep. 638); *Hine* v. *Roberts*, 48 Conn. 267 (40 Am. Rep. 170); *Singer Mfg. Co.* v. *Cole*, 4 Lea, 439 (40 Am. Rep. 20); *Sumner* v. *Cottey*, 71 Mo. 121 ; *Singer Sewing Mach. Co.* v. *Holcomb*, 40 Iowa, 33 ; *Murch* v. *Wright*, 46 Ill. 487 (95 Am. Dec. 455); *Lucas* v. *Campbell*, 88 Ill. 447. We hold, therefore, that the trial court was not in error in treating the contract in controversy as a conditional sale, but it was in its nature executory until performance.

3. Now, as to the form of the action brought in the case at bar. The common, and perhaps the most natural, remedy of the seller upon default, is to declare the buyer's right under the contract forfeited, and take proceedings to recover the property. But this is not the only remedy. Where a party has agreed to purchase and pay for the property, and has or is entitled to possession until default, the seller may have choice of one of four distinct remedies, among which he may waive a return of the property, treat the contract as executed on his part, and recover from the buyer the agreed price : 1 Mechem, Sales, §§ 613–615, 619 ; *Bailey* v. *Hervey*, 135 Mass. 172 ; *McRea* v. *Merrifield*, 48 Ark. 160 (2 S. W. 780); *Smith* v. *Barber*, 153 Ind. 322 (53 N. E. 1014). This disposes of counsel's first proposition.

4. The second pertains to defendant's motion for a nonsuit. In this three contentions are made, of which we will examine two. It is argued: First, that there is no proof of plaintiff's organization under the laws of California. The complaint shows an allegation of incorporation in New Jersey. The answer is a denial of plaintiff's organization in California. The organization in New Jersey is therefore admitted.

5. It is argued: Second, that there was no proof of a delivery of the safe on board a car at La Grande. Plaintiff's testimony shows that the safe was shipped from Hamilton, Ohio, on June 5, 1901, and that defendant countermanded his order or contract by wire on June 12th. According to an allegation in the complaint, the safe arrived in La Grande, Oregon, on June 20th, so that by plaintiff's own showing there was a countermand of the order before the arrival of the safe at its destination, and the question is whether the testimony will support the cause of action presented by the complaint. Where a contract is executory, a party has the power, if he choose, to interdict performance by an explicit direction to that effect, and in such case he subjects himself to an action sounding in damages for a breach of the contract, and none will lie on the contract itself as for sale and delivery: 2 Mechem, Sales, §§ 1091, 1092 ; *Unexcelled Fire - Work Co.* v. *Polites*, 130 Pa. 536 (18 Atl. 1058, 17 Am. St. Rep. 788); *Collins* v. *Delaporte*, 115 Mass. 159 ; *Butler* v. *Butler*, 77 N. Y. 472 (33 Am. Rep. 648); *Moline Scale Co.* v. *Beed*, 52 Iowa, 307 (3 N. W. 96, 35 Am. Rep. 272); *Danforth* v. *Walker*, 37 Vt. 239, 40 Vt. 257 ; *Clark* v. *Marsiglia*, 1 Denio, 317 (43 Am. Dec. 670); *Gibbons* v. *Bente*, 51 Minn. 499 (53 N. W. 756, 22 L. R. A. 80).

6. There is a stipulation in the contract "for safe delivery on cars at La Grande." The trial court was of the opinion, however, that, from a survey of the whole instru-

ment, a delivery to defendant was effected by delivery to the carrier at Hamilton, Ohio, to be shipped to defendant at La Grande, and that the contract became executed so far as the plaintiff was concerned; hence that he was entitled to recover under the action as brought. We cannot accede to this construction. The writing directs the plaintiff to ship *"via* best route," it is true, but plaintiff necessarily had to pay the freight in the first instance, for defendant's undertaking is to pay freight on arrival, not to the carrier, but to plaintiff, and the undertaking is "for safe delivery on cars at La Grande," thus indicating plaintiff's responsibility for safe transportation of the property to destination. All this goes to show unmistakably that the carrier became the agent of the plaintiff, and not of the defendant, and that a delivery could not be effected until the plaintiff had fully performed by having the safe on the car at La Grande. Mr. Benjamin says: "Where the vendor is bound to send the goods to the purchaser, the rule is well estabished * * that delivery to a common carrier, *a fortiori,* to one specially designated by the purchaser, is a delivery to the purchaser himself; the carrier being, in contemplation of law in such cases, the bailee of the person to whom, not by whom, the goods are sent; the latter, when employing the carrier, being regarded as the agent of the former for that purpose. If, however, the vendor should sell goods, undertaking to make the delivery himself at a distant place, thus assuming the risks of the carriage, the carrier is the vendor's agent": Benjamin, Sales (7 ed.), § 693. This doctrine finds support in 21 Am. & Eng. Ency. Law (1 ed.), 528–530; *Dunlop* v. *Lambert,* C. & F. R. *600; *Devine* v. *Edwards,* 101 Ill. 138; *Murray* v. *Nichols Mfg. Co.* (City Ct. N. Y.) 11 N. Y. Supp. 734; *Miller* v. *Sumerset C. P. & Lum. Co.* 21 Ky. Law Rep. 424 (51 S. W. 615). No delivery of the safe was had, therefore, prior to defendant's countermand or renunciation of the order or con-

tract. While a delivery had been made by plaintiff to the carrier before the countermand, it was only a delivery to its own agent to carry out its undertaking to deliver on a car at La Grande, and the contract was still in an executory state and unfulfilled, so far as it was concerned, leaving the defendant free to interdict further performance. Plaintiff's action, therefore, could not be for the purchase price, but only for special damages for a refusal to receive ·the safe on its arrival on the car at La Grande. The complaint not having been drawn nor the action prosecuted upon this basis, the nonsuit should have been allowed. The judgment of this court will be, therefore, that the judgment of the trial court be reversed and the cause remanded, with directions to allow the nonsuit.        REVERSED.

## ON MOTION FOR REHEARING.

MR. JUSTICE WOLVERTON delivered the opinion.

It is urged by a petition for rehearing on the part of the plaintiff that this court ought not to have considered the motion for a nonsuit, because (1) the testimony is not all contained in the bill of exceptions, and (2) it does not state the specific grounds upon which it is based.

7. Answering the first reason assigned, it is only necessary to state that by plaintiff's own showing, which appears in the bill of exceptions, when read in connection with the pleadings and the contract, it is not entitled to recover. In such case it would be a matter of supererogation to bring up the whole evidence, because it could show no different state of facts which would in any way affect the company.

8. As to the second reason, it was argued at the time of the trial of the cause here, as respects the motion for nonsuit, that the testimony did not support the cause of action preferred. This was simply controverted without insist-

ing upon any such objections as that the grounds of the motion were not specifically stated, and the case was decided upon the issue thus presented. Having met the issue in the form indicated without success, it is now too late by motion for rehearing to insist upon the technical objection suggested.

The other contentions as to the proper construction of the contract have been treated of in the main opinion.

REHEARING DENIED.

Decided 21 December, 1903.