## THIENES *v.* FRANCIS.

(134 Pac. 1195; 138 Pac. 845.)

**Appeal and Error—Waiver of Appeal—Acceptance of Benefits.**

1. Where the defendant in an action for a money judgment filed a cross-bill asking for equitable relief, as permitted by Section 390, L. O. L., and, after the court had rendered a decree restraining the plaintiff in the action at law from seeking recovery for certain items set forth in the complaint but permitting it as to others, the defendant in that action answered therein and participated in the trial, he did not thereby waive his right to appeal from the decree of injunction.

Sales—Conditional Sales—Remedies of Vendor.

2.  Where a contract for the conditional sale of personalty has been broken by the vendee, as by a sale of the property before title passed, the vendor may waive his right to recover possession, and sue for the value, treating the contract as executed.

> [As to election of remedies on breach of conditional sale, see notes in 1 Ann. Cas. 268; 16 Ann. Cas. 1057.]

Exchange of Property—Real Property—Nature of Contract.

3.  Under a contract for the exchange of lands of unequal value, the deed to the more valuable tract being placed in escrow till the balance of the price is paid, the results are the same as under a sale, reserving title in the vendor to secure the balance of the price, and a bond for title when the balance of the price, interest, and taxes are paid; the relation between the parties being analogous to that between mortgagor and mortgagee.

Vendor and Purchaser—Remedies of Vendor—Action for Waste.

4.  A purchaser of land is entitled to cut a reasonable quantity of wood therefrom, and the vendor cannot maintain an action therefor without showing that, after it was cut, the premises would not be sufficient as security for the balance of the price.

Decided September 16, 1913.

## On Motion to Dismiss.

(134 Pac. 1195.)

From Lane: LAWRENCE T. HARRIS, Judge.

Department 1.   Statement by MR. JUSTICE RAMSEY.

This is a suit by W. C. Thienes against I. M. Francis and A. M. Brewer.   The facts are as follows:

I. M. Francis commenced an action at law in the Circuit Court of Lane County against W. C. Thienes to recover money.   The defendant in that action, and plaintiff in this suit, upon filing an answer therein, also at the same time filed his complaint in equity, in the nature of a cross-bill, setting up facts which he claimed required the interposition of a court of equity.   The filing of the complaint in equity operated to stay the proceedings in the action at law under Section 390, L. O. L.

The suit in equity, being at issue, was tried and a decree therein was rendered on March 11, 1913. This decree enjoined the defendant Francis from prosecuting said action at law for the value of the oats, wheat, hay and grain mentioned in the original complaint in said action.

I. M. Francis, the defendant herein, and plaintiff in said action, on March 27, 1913 (16 days after said decree was rendered), filed in said action at law his amended complaint. This amended complaint was so drawn as to conform to the decree referred to, *supra*. W. C. Thienes, the plaintiff in this suit and defendant in said action at law, filed his answer to said amended complaint on said 27th day of March, 1913, and the reply thereto was filed two days later. Said action was tried in the court below and a judgment therein, in favor of the plaintiff therein, for $383.75 was rendered by the court on April 8, 1913.

On July 15, 1913, the plaintiff in this suit served and filed his notice of appeal from said decree, rendered on March 11, 1913, and on July 15, 1913, his undertaking of said appeal was served and filed according to law. The transcript for the appeal in this suit was filed in this court on July 26, 1913. The respondent, I. M. Francis, filed a motion in this court for a dismissal of said appeal. This motion was submitted on written briefs without oral argument September 8, 1913, under the proviso of Rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi). MOTION DENIED.

*Mr. Fred E. Smith* and *Mr. R. G. Francis,* for the motion.

*Mr. H. E. Slattery, contra.*

Mr. Justice Ramsey delivered the opinion of the court.

This is a motion for a dismissal of the appeal in this suit. The respondent Francis asks that this appeal be dismissed for the alleged reasons that, in the action at law referred to in the above statement of facts, the defendant therein and plaintiff in this suit filed his answer to the amended complaint in said action and voluntarily took part in the trial thereof, after the decree in this suit was rendered, without having first appealed this case, and because, as the defendant alleges, the plaintiff accepted the benefits of said decree and by so doing *waived* his right to appeal, etc.

The decree appealed from was rendered in the court below on the 11th day of March, 1913, and it enjoined the defendant in this suit from prosecuting said action at law against the plaintiff in this suit and defendant in said action to recover the value of the grain and hay mentioned in the complaint in said action. The defendant herein, and plaintiff in said action, a few days after said decree was rendered, filed his amended complaint in said action and served a copy thereof on the defendant therein. The defendant in said action filed his answer to said amended complaint, and the plaintiff therein filed his reply, and said action at law was tried, and a judgment thereon rendered on April 8, 1913. After the rendition of said judgment, the plaintiff in this suit appealed to this court from the decree rendered as stated.

The defendant herein claims that the defendant in said action, by filing his answer therein and participating in the trial thereof, *waived* his right to appeal this case. The decree appealed from held that the grain and hay mentioned in the complaint in the action were the property of the plaintiff in this suit and enjoined the defendant therein from prosecuting his said action

to recover the value thereof, but that was the extent of the injunction. Said decree left the plaintiff in said action free to prosecute said action against the defendant therein for all things mentioned in the complaint excepting the hay and grain. The defendant therein had a right to defend said action, and by so doing he did not *waive* his right to appeal from the decree in this suit. He was under no obligation to waive his defense in said action or to notify the plaintiff therein of his intention to appeal from the decree in this case, until he was ready to take his appeal.

It was the plaintiff in said action, and not the defendant therein, who prosecuted said action to judgment, and he has no ground of complaint against the defendant therein for participating in said trial, or for appealing this case, or for accepting the results of said decree. The plaintiff herein had a legal right to appeal, and he has not waived that right by anything alleged in said motion.

The motion to dismiss the appeal is denied.

MOTION DENIED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.

---

Decided February 3, 1914.

ON THE MERITS.

(138 Pac. 845.)

This is a suit by W. C. Thienes against I. M. Francis and A. M. Brewer. The facts are set forth in the opinion of the court.        MODIFIED.

For appellant there was a brief and an oral argument by *Mr. H. E. Slattery.*

For respondents there was a brief over the names of *Messrs. Foster & Hamilton, Messrs. Woodcock & Smith* and *Mr. Robert G. Smith,* with an oral argument by *Mr. Fred E. Smith.*

Department 2. Mr. Justice Bean delivered the opinion of the court.

This is a suit to reform a written agreement and to enjoin a law action. On July 7, 1911, plaintiff and defendant I. M. Francis made a contract for the exchange of property, by the terms of which the former conveyed to the latter a quarter section of land in Douglas County, estimated at $7,500, upon which there was a mortgage of $1,500, which the plaintiff agreed to pay; and I. M. Francis agreed to convey to W. C. Thienes a farm in Lane County, consisting of 324.5 acres at $60 per acre, and livestock, farm implements, etc., for the sum of $1,800. At the time, Thienes expected to obtain the money and pay for the personal property in 30 days. This he failed to do. The parties executed an agreement in regard to furnishing an abstract of title to the real estate and the defendant Francis and wife executed a deed to plaintiff to the Lane County farm. This deed was deposited in escrow with the First National Bank of Eugene, Oregon, with directions as to the delivery thereof contained in the instrument signed by the parties, which, except as to the deeds, is practically all the written memoranda made as to their contract. By the terms of this instrument, the deed was to be delivered to plaintiff and wife, their heirs or assigns on or before five years from the date upon the payment of $13,770, the balance of the purchase price of the farm and personal property, together with the interest thereon, the delivery of a satisfaction of the mortgage for $1,500 upon the Douglas County farm, and the production of the tax certificate each year toward the payment of the taxes by

plaintiff.   The contract provided that, in the event the tax certificate and mortgage mentioned were not delivered on or before the day set for the delivery, that the taxes each year on the above-described land were not paid by plaintiff, that the interest on the amount due was not paid annually, or that the balance of the purchase price was not paid by plaintiff, then the deed was to be redelivered to Francis.

During the summer of 1912 a controversy arose between the parties, particularly as to the personal property, and the defendant Francis commenced an action against the plaintiff for the value of some of the personal property which plaintiff had sold, for 75 cords of wood cut upon the land at $1 per cord for stumpage, and for a portion of the crops harvested from the land by Thienes.   The plaintiff answered and filed a complaint in equity in the nature of a cross-bill, alleging that by mutual mistake of the parties the original contract failed to contain the following items agreed upon between the parties, to wit: That Thienes was to have the possession, use and occupancy of the land during the life of the contract; that for the consideration of $21,270 plaintiff was to have the said land and also the personal property (describing the same); that plaintiff was let into the possession of the land and personal property.   The plaintiff asked to have the contract reformed and the action enjoined.   The defendant in his answer claimed to be the absolute owner of the real estate by virtue of a breach of the contract, also the owner of the personal property; that the title to the personal property was to remain in Francis until the same was paid for.   The plaintiff replied, putting in issue the material allegations of the answer.   Upon the trial a large amount of evidence was introduced relating to the leasing of the premises to defendant A. M. Brewer; various items paid on account of interest, and

an attempted arrangement by the parties consisting of an oral agreement adjusting the controversy relating to the real estate and personal property. Some of the facts were submitted to a jury, and, from the verdict rendered and the mass of evidence, the trial court made findings of fact showing clearly what the legal situation of the parties was as to the real estate and the personal property; finding in substance that the contract for the sale of the real estate was still in force; that the plaintiff Thienes was entitled to the possession and use thereof so long. as he performed the conditions of the contract; that the title to the personal property remained in defendant Francis until the purchase price of $1,800 was paid, Thienes to have the possession thereof; and that in case any of the personal property was sold, the proceeds were to go to Francis. By the decree the court permitted the law action to proceed as to the personal property purchased and the wood cut upon the land, but not as to the crops that had been grown thereon. Plaintiff appeals.

The assignments of error embrace two items of property: (1) The wood cut by Thienes, and, (2), the personal property which I. M. Francis sold to W. C. Thienes. The evidence shows, and the court found, that, under the contract between the plaintiff and defendant, the title to the personal property was to remain in the defendant until the purchase price thereof, $1,800, was paid, with the condition that, if any part thereof was sold, the proceeds should be paid to defendant Francis.

1. Where a contract for the conditional sale of personal property has been broken by the vendee, the vendor may waive his right to recover possession of the property, and sue for the value thereof, treating the contract as executed. By the sale of the property before title passed, Thienes broke the contract of conditional sale; therefore Francis had the right to sue for

the value of the same, and the decree in regard thereto is affirmed: 1 Mechem, Sales, § 613; *Herring-Marvin Co.* v. *Smith,* 43 Or. 315 (72 Pac. 704, 73 Pac. 340).

2. Under the terms of the contract between the plaintiff and the defendant for the sale to the former of the Lane County land upon which the plaintiff paid $6,000 net by conveying the Douglas County land, and was let into possession of the Lane County farm, the relation of vendor and vendee existed between Francis and Thienes. The results were the same as though Francis had sold the Lane County farm to Thienes, reserving title in himself to secure the payment of the balance of the purchase money, and giving a bond for title binding himself to convey when the purchase money, interest and taxes were paid. The relations existing between them were analogous to that of mortgagor and mortgagee: *Small* v. *Slocumb,* 112 Ga. 279 (37 S. E. 481, 81 Am. St. Rep. 50, 53 L. R. A. 130). In order for a mortgagee to maintain an action against a mortgagor for waste of timber cut upon mortgaged premises, it must be shown that the security of the mortgage has been impaired. As, for example, in case where buildings which were covered by the lien of a mortgage are unlawfully removed from the premises: 27 Cyc. 1269.

3. The parties ignored the provisions made for recording the instruments relating to the title to real estate, and on that account their matters were extremely involved. We think, however, under the conditions existing between the plaintiff and defendant, that the plaintiff had the right to cut a reasonable quantity of wood, the same as he would be entitled to crops growing on the land during the life of the contract of sale. A portion of the wood cut was sold and delivered to defendant Francis. It is not shown that, after the wood was cut, the premises would not be sufficient as security for the payment of defendant's claim, and

Francis was not entitled to maintain an action for the timber: *Van Wyck* v. *Alliger*, 6 Barb. (N. Y.) 507; *Laughlin* v. *North Wis. Lbr. Co.* (C. C.), 176 Fed. 772; s. c., 193 Fed. 367 (113 C. C. A. 291); *Brewer* v. *Craig*, 18 N. J. Law, 214.

In this particular the decree of the lower court should be modified so as to eliminate from the law action the item of $75 for stumpage. With this exception, the decree of the lower court is affirmed. Neither party shall recover costs.                    MODIFIED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.

---

Motion to dismiss appeal decided July 29, 1913.