THE ARTHUR E. GUTH PIANO COMPANY

*vs.*

THEODORE M. ADAMS and Trustee.

Penobscot.   Opinion February 3, 1916.

*Conditional sale.     Independent Agreement.     Lease.     Warranty.*

By written contract, the defendant "hired and received of the plaintiff a piano, and expressly agreed to pay the agreed value of the piano in instal-ments. The title was to be retained by the plaintiff until all instalments were paid when the title was to pass to the defendant. In a suit to recover an instalment of the price, it is held:—

1. That the written contract was a conditional sale.
2. That when the vendee in a conditional sale agrees expressly to pay the price, the vendor may maintain an action against him on his promise, and may also enforce his security.
3. That, when such a contract contains the vendee's agreement that the vendor is not to be holden for any agreements made with his salesman other than those specified in the lease, evidence of a warranty of quality made by a salesman, not specified in the contract, is inadmissible against the vendor.
4. That the refusal to give a requested instruction which is foreign to the issue and irrelevant is not exceptionable.
5. That the jury were not entitled to know what the effect of their verdict might be with respect to the other rights and remedies of the plaintiff.

The defendant hired and received of the plaintiff company a certain piano, known as the Kohler & Campbell, style K, agreeing to

pay certain monthly instalments until the full sum of three hundred dollars had been paid. Defendant signed a certain writing or contract, commonly called a lease, in which lease or writing it was agreed that the plaintiff company should not be holden for any agreements made with the salesmen of the plaintiff other than those specified in the contract or lease. Defendant did not meet any payments, offered to return the piano and rescind the contract, claiming that it was not as represented by the agents and servants of the plaintiff company. Plaintiff company refused to accept the piano. This action was brought to recover the monthly payments or instalments then due.

Defendant pleaded the general issue with a brief statement, alleging an express warranty of the quality and condition of the piano, a breach thereof, and on that account a seasonable rescission of the contract by him, the defendant. And defendant further claimed on that account an entire failure of consideration for the contract.

Verdict for plaintiff for full amount of instalments claimed as then due by plaintiff. The case comes before this court on the defendant's exceptions to the exclusion of evidence, and to instructions and refusals to instruct, by the presiding Justice. Exceptions overruled.

Case stated in opinion.

*George H. Worster,* for plaintiff.

*Charles J. Hutchings, and Edward P. Murray,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, JJ.

SAVAGE, C. J. Action of assumpsit to recover three instalments of fifteen dollars each, which the plaintiff claims to be due to it according to the terms of the following written contract:

"BANGOR, MAINE, Dec. 7, 1914.

I have this day hired and received of the Arthur E. Guth Piano Co., one Kohler & Campbell Piano Style K, No. 155,759 of the agreed value of $300.00 for which I agree to pay $15.00 Jan. 7, 1915 and $15.00 per month with interest.

It is understood and agreed that I neither claim, dispose of, nor can I acquire any title whatever to the above property, until said

payments shall amount to the sum of $300.00 with interest, at which time it is agreed that said Arthur E. Guth Piano Co. shall sell and deliver to me said property with good and effectual receipted bill of sale thereof.

I also agree to make payments promptly, as agreed above, on the 7th day of each month and any failure to comply with the terms herein mentioned I do hereby authorize and empower and direct said Arthur E. Guth Piano Co. or their authorized agent or attorney, without process of law, to enter and retake, and may enter and retake immediate possession of said property, wherever it may be, and remove the same, I forfeiting all that has been paid thereon.

THEODORE M. ADAMS."

Under the contract the piano was delivered to the defendant. Nothing has been paid.

The case comes before this court on the defendant's exceptions to the exclusion of evidence, and to instructions and refusals to instruct by the presiding Justice.

The defense is two fold; first that the defendant's promise in the written instrument to pay the monthly payments was not a promise for the breach of which the plaintiff can maintain a suit, and that the plaintiff's only remedy is to retake the piano; and secondly, thàt the plaintiff's agent, in the negotiations for the piano, expressly warranted its quality and condition, that the representations were not true, and that in consequence thereof the defendanr seasonably rescinded the contract.

I.   We think this contract crudely drawn in the guise of a lease was a conditional sale.   The vendor retained the title as security for the purchase price.   The title was to be passed on condition that the vendee made the payments.   *Gross* v. *Jordan,* 83 Maine, 380; *Morris* v. *Lynde,* 73 Maine, 88; *Reynolds* v. *Waterville,* 92 Maine at p. 304; *Robinson* v. *Berry,* 93 Maine, 320; *Franklin Motor Car Co.* v. *Hamilton,* 113 Maine, 63.   In a conditional sale the vendee may expressly promise to pay or he may not.   If he does not promise to pay, the vendor's remedy is to retake the property; he cannot recover the price of the vendee.   Such were the contracts in the cases of *Hopkins* v. *Maxwell,* 91 Maine, 247, and *Campbell* v. *Atherton,* 92 Maine, 66, on which the defendant relies.   These cases, therefore, are not authority for a doctrine that the vendee in

a conditional sale who has expressly promised to pay is not liable upon his promise.  If the conditional vendee expressly promises to pay, suit may be maintained against him on his promise, and the vendor may also enforce his security.  *Westinghouse Electric &c. Mfg. Co.* v. *A. & T. R. R. Co.,* 106 Maine, 349.  And we cannot conceive that it makes any difference whether the promise is in the form of a promissory note, or is otherwise expressed in the contract.  Since this suit is between the original parties to the contract, it is immaterial whether it was recorded or not.  R. S., ch. 113, sect. 5.  The presiding Justice refused to instruct the jury that an action could not be maintained for a breach of the defendant's promise to pay.  His ruling was right, and the defendant's exceptions to the ruling cannot be sustained.

II.   The defendant offered to show a warranty of quality and condition by the plaintiff's selling agent.  The evidence was excluded, and exception was taken.  The defendant claims that the alleged warranty was an independent agreement, the breach of which is available to him in an action on the contract, and relies upon *Tainter* v. *Wentworth,* 107 Maine, 439.  The plaintiff contends that the evidence was inadmissible because it tended to vary, add to and modify the written agreement.  It is unnecessary to consider the question thus raised, for upon the contract is a certificate, signed by the defendant, "that the Arthur E. Guth Piano Co. are not to be holden to me for any agreements made with their salesmen other than those specified within this lease."  This certificate was an agreement that the written lease contained all the agreements, terms and conditions of the contract.  It was notice to the defendant that selling agents had no authority to vary, add to, or modify the terms of the lease as written.  If notwithstanding this, the defendant relied upon representations of the agent, outside the written instrument, he did so at his peril.  The agent may be liable for his false representation, but the principal is not made liable for them.  The evidence was properly excluded.

III.   The defendant requested an instruction that "if the plaintiff fails in its suits for the several payments alleged to be due by virtue of the written instrument declared on, there still remains to it the right to take back the piano as provided in the contract." The request was refused.  To this refusal and to an instruction

given in lieu thereof, the defendant excepted. The exceptions cannot be sustained. However correct the requested instruction might be as an abstract statement of law, it was foreign to the issue, and irrelevant. So, as to the instruction given. The case is not concerned with any other remedies the plaintiff may have. The jury were not entitled to know what the effect of their verdict might be as to other rights and remedies. They were bound to settle the single issue before them, irrespective of other matters. The issue was not, whether the plaintiff had security of which it could avail itself, but whether the defendant made a binding promise.

IV. The defendant claims to have rescinded the contract for breach or warranty. But since evidence of the alleged warranty was excluded, the defendant shows no ground for rescission. And furthermore, there are no exceptions which touch the question of the right of rescission, except those relating to the warranty, which have already been considered.

*Exceptions overruled.*