BEN GREEN v. THE BEN VONDE COMPANY.

(Filed 4 May, 1921.)

1. **Principal and Agent — Common Carriers—Delivery—Presumptions—U. S. Government—Parcels Post—Consignor and Consignee.**

   The principle that makes the consignor the agent of the consignee in delivering a shipment to the common carrier rests upon the liability of the carrier in such instances, and a delivery of a parcels-post package to the U. S. Government postoffice by the sender, when not insured, cannot make the Government, which assumes no liability, the agent of the sendee, without instructions from him to the sender to so send the package.

2. **Same—Instructions to Ship.**

   A laundry company held itself out to the public as obligated to pay the transportation charges for the return of laundry to its customers, upon certain conditions, and received clothes by express, accompanied by a letter instructing it not to return the laundry "C. O. D.": *Held*, equivalent to an instruction to make the return shipment by express, and the laundry company is responsible for the value of the uninsured parcels-post package, coming within its provision as to paying the return transportation charges, upon the failure of its delivery.

3. **Government—Mails—Parcel Post—Presumptive Delivery—Evidence—Rebuttal.**

   The delivery of a parcels-post package to the U. S. postoffice raises a presumption of its delivery to the sendee, which he may rebut by his evidence.

**4. Principal and Agent — Contracts — Consignor and Consignee — Carriers—Railroads.**

An agreement by the consignor to prepay the freight on a shipment to its customers *prima facie* constitutes the carrier the consignor's agent.

APPEAL· by plaintiff from *Bryson, J.,* at October Term, 1920, of MECKLENBURG.

This action, begun in the court of the justice of the peace by the plaintiff, a merchant of Columbia, S. C., seeks to recover from the defendants, expert dyers and cleaners of Charlotte, N. C., $191.25 and interest, alleging that the plaintiff sent certain articles of wearing apparel to the defendant company to be cleaned and the same were never returned to him. The defendant contends that it received the clothing by express; cleaned the same, and shipped it back in five packages in the parcels post, uninsured; that four of the packages were received by the plaintiff but that the fifth package was lost in the postal service, and the defendant is not liable therefor. Judgment for defendant, and plaintiff appealed.

*Thos. W. Alexander for plaintiff.*
*E. R. Preston for defendant.*

CLARK, C. J. There are eight exceptions: 1 and 2 to the refusal of the court to admit certain testimony; 3 to refusal of the court to charge as prayed; 4, 5, and 6 to portions of the charge as given, and 7 and 8 formal exceptions to refusal of a new trial and to the judgment.

The exception chiefly relied upon is No. 6, to the charge as follows: "The court further instructs you that if the defendant, in due course, caused these articles to be placed in packages and delivered the same to the postal authorities intact and in good condition, that then the responsibility of the defendant ceased, and the postal department became the agent of the plaintiff, and that the defendant would not be responsible for loss in transit while in possession of the postal department."

It is a well-known rule, applicable to common carriers, that "delivery to the carrier is delivery to the consignee," but the question here is whether the delivery of a shipment uninsured to the parcels-post department is delivery to a common carrier. There seems to be no authority in point. We are therefore left to the "reason of the thing."

The plaintiff sent the shipment by express, and did not indicate that he wished the goods returned in any other manner. In his letters he repeatedly mentions the fact that he did not want them returned C. O. D. and said he would pay the bill, thereby indicating that he expected that they would be returned by express. The defendant advertised that it paid charges both ways on shipments where the work netted it over

$10. This shipment netted the defendant $19.78. The cost by parcels post was five cents for the first pound and one cent for each additional pound from Charlotte to Columbia. There is no evidence as to the express charge, but it is reasonable to suppose that it was higher than the postal rate.

The charge excepted to makes the uninsured department of the U. S. Parcels Post the agent of the consignee. The postoffice is a governmental function and cannot be held liable when no insurance on the article is taken out. The reason that delivery to a common carrier is held to be delivery to the consignee is based upon the principle that it is an insurer and liable at all hazards except for the act of God and the common enemy. 10 C. J., 107; *Peanut Co. v. R. R.,* 155 N. C., 164.

If the plaintiff had instructed the defendant to ship the goods by parcels post the defendant would not have been responsible for the nondelivery, for such instruction would have made the parcels post the agent of the plaintiff. The fact that the plaintiff shipped the goods to the defendant by express company was an intimation, if not an instruction, that they should be returned by a common carrier who would be responsible for the nondelivery.

When a letter, or notice of the acceptance of an offer, is deposited in the postoffice, duly stamped, there is a presumption of its delivery to the sendee which may be rebutted by proof of its nonreceipt, but here it is not controverted by any evidence that the goods were not received by the consignee, and the sole question is whether the defendant assumed the risk by shipment of the same without insurance and not by an express company or other common carrier who would have been liable.

Had the defendant delivered the package to an express company or to the postal department, properly insured, there would have been no negligence on his part, but its delivery to the parcels post, uninsured, was caused doubtless by its desire to avoid the expense, which it had advertised that it would bear, of shipping the goods, and the defendant was responsible because of the failure to select a carrier who would be responsible for the safe transportation of the articles or to insure them when sent by the parcels post. In this view it is unnecessary to consider the other exceptions.

We think the proper instruction would have been that if the jury found that the package was placed by the defendant in the postoffice duly stamped, and was shipped by parcels post, this would raise a presumption of its delivery to the consignee which would be subject to rebuttal, and if the jury should find that it was not received by the consignee, then the fact that the package was not sent insured was an assumption of safe transportation by the defendant, in the absence of any instructions to ship by parcels post.

Besides, the agreement to prepay freight was a contract by defendant to deliver at destination, and made the carrier its agent. *Brewing Assn. v. Nipp,* 6 Kan. App., 730; *Com. v. Burget,* 136 Mass., 450; *Weil v. Golden,* 141 Mass., 368; 11 A. & E. (1 Ed.), 742; *Murray v. Mfg. Co.,* 11 N. Y. Supp., 734; *McNeal v. Braun,* 26 Am. St., 447; 35 Cyc., 174, and note, 75; *Devine v. Edwards,* 101 Ill., 138; *Sumner v. Thompson,* 31 Nova Scotia, p. 481 (though prepayment of freight is not conclusive, *Dannemiller v. Kirkpatrick,* 201 Pa. St., 218); and the transportation was at shipper's risk.

Error.