(No. 4666.   May 14, 1927.)

THE AMERICAN LAW BOOK COMPANY, a Corporation, Appellant, v. A. E. LATER, Respondent.

[256 Pac. 371.]

SALES—TITLE-RETAINING CONTRACT—BREACH BY PURCHASER—REMEDY. Seller of property, under title-retaining contract providing for instalment payments, and containing agreement for return of property in case of default, may collect either remainder of purchase price on breach by purchaser or retake the property.

APPEAL from the District Court of the Ninth Judicial District, for Jefferson County. Hon. Geo. W. Edgington, Judge.

Action to recover balance of purchase price under conditional sales contract. Judgment of nonsuit for respondent. *Reversed.*

C. W. Morrison and W. H. Anderson, for Appellant.

A contract whereby the possession of personal property is delivered to the buyer, who agrees to pay a price therefor, with the condition that the title remain in the seller until the price is paid, is a conditional sale. (*Miller-Cahoon Co. v. Lawrence*, 31 Ida. 704, 176 Pac. 774; *Francis v. Bohart*, 76 Or. 1, 143 Pac. 920, 147 Pac. 755; 35 Cyc. 651–653.)

Publisher's Note.
See 27 R. C. L. 612, 621.
See Sales, 35 Cyc., p. 697, n. 21, p. 706, n. 7.

The seller in a conditional sale may, on default in payment, waive a return of the property, treat the contract as executed on his part and recover the price. (*Herring-Marvin Co. v. Smith,* 43 Or. 315, 72 Pac. 704, 73 Pac. 340.)

The seller may elect to retake or sue for the price, under a conditional sale contract. (*Winton Motor Carriage Co. v. Broadway Auto Co.,* 65 Wash. 650, 118 Pac. 817, 37 L. R. A., N. S., 71; *Norman v. Meeker,* 91 Wash. 534, Ann. Cas. 1917D, 462, 158 Pac. 78; *Thienes v. Francis,* 69 Or. 171, 134 Pac. 1195, 138 Pac. 845; *Pease v. Teller Corp.,* 22 Ida. 807, 128 Pac. 981; *Frisch v. Wells,* 200 Mass. 429, 86 N. E. 775, 23 L. R. A., N. S., 144; *Stewart & Holmes Drug Co. v. Reed,* 74 Wash. 401, 133 Pac. 577; *McDaniel v. Chiaramonte,* 61 Or. 403, 122 Pac. 33.)

Appellant had a right to cancel the contract, when respondent neglected and refused to pay the instalments due. (*Hull Coal & Coke Co. v. Empire Coal & Coke Co.,* 113 Fed. 256, 51 C. C. A. 213; *Rayfield v. Van Meter,* 120 Cal. 416, 52 Pac. 666; *Rugg v. Moore,* 110 Pa. 236, 1 Atl. 320; 24 Am. & Eng. Ency. Law, 2d ed., p. 1124; *Hale v. Trout,* 35 Cal. 229.)

Failure to pay the instalments for goods delivered will give the seller the right to rescind the contract and to decline further deliveries under it, and sue for that delivered. (*Hess Co. v. Dawson,* 149 Ill. 138, 36 N. E. 557; *Beatty v. Howe Lbr. Co.,* 77 Minn. 272, 79 N. W. 1013; *Harris Lbr. Co. v. Wheeler Lbr. Co.,* 88 Ark. 491, 115 S. W. 168; *Genesee Fruit Co. v. Barrett,* 67 Ill. App. 673; *Stokes v. Baars,* 18 Fla. 656; *Webster v. P. W. Moore & Co.,* 108 Md. 572, 71 Atl. 466; *Demarest v. Dunton Lbr. Co.,* 151 Fed. 508; *Eastern Forge Co. v. Corbin,* 182 Mass. 590, 66 N. E. 419; *Palmer v. Breen,* 34 Minn. 39, 24 N. W. 322; *Baltimore v. Schaub Bros.,* 96 Md. 534, 54 Atl. 106.)

F. A. McCall, for Respondent.

The contract, upon which the instant case is brought, provides in clear and unequivocal language exactly what shall be done in the event of the failure of the respondent

to make the payments as provided therein, and the contingency anticipated by and provided for by the parties having arisen, the remedy thus agreed upon becomes, and is, exclusive. (*Read v. Fox,* 119 App. Div. 366, 104 N. Y. Supp. 251; *Schwab v. Baremore,* 95 Minn. 295, 104 N. W. 10; *Walters v. Akers,* 31 Ky. Law, 259, 101 S. W. 1179; *Foxley v. Rich,* 35 Utah, 162, 99 Pac. 666.)

GIVENS, J.—Upon breach, by the purchaser, of a title-retaining contract of sale providing for instalment payments, prefaced by the agreement: "which I agree to take and to pay for as follows:" with the further agreement in case of default to return the property, the seller has two remedies; the collection of the remainder of the purchase price, or, second, the retaking of the property. (*Pease v. Teller Corp.,* 22 Ida. 807, 128 Pac. 981; *Thienes v. Francis,* 69 Or. 171, 134 Pac. 1195, 138 Pac. 845; *Manganese Steel Safe Co. v. First Nat. Bank,* 25 S. D. 119, 125 N. W. 572; *Sioux Falls Adjustment Co. v. Aikens,* 32 S. D. 154, 142 N. W. 651; *Mortensen Woodworking Co. v. Raabe,* 171 N. Y. Supp. 128. See, also, *Arthur E. Guth Piano Co. v. Adams,* 114 Me. 390, 96 Atl. 722.) The appellant plead and made a *prima facie* case under the first alternative remedy and the trial court therefore erroneously entered a nonsuit in favor of the purchaser.

The judgment is ordered reversed and the cause remanded. Costs awarded to appellant.

Taylor and T. Bailey Lee, JJ., concur.