*Decision will be entered under Rule 50.*

HELSER MACHINE AND MARINE WORKS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91316. Promulgated March 22, 1939.

*Robert T. Jacob, Esq.*, for the petitioner.
*John H. Pigg, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $176 in petitioner's income tax for 1935, solely by reason of the disallowance of a deduction of $1,280 taken as rent for property of which the petitioner was to have the right to acquire title. The facts are not in dispute and are entirely stipulated.

Under an agreement called a lease, dated April 1, 1935, the petitioner became the lessee from May 1, 1935, until April 30, 1945, of a piece of property in Portland, Oregon, and agreed to pay rent in monthly payments of $160 each. The last paragraphs of the lease are as follows:

And WHEREAS, the Lessors, in consideration of the entering into of this lease by the Lessee and of the payments to be made thereunder, have granted to the Lessee the right and privilege to purchase the said premises during the term of the lease; and the payments of rental to be made hereunder are also to apply as payments on the purchase price:

Now, THEREFORE, THIS WITNESSETH that it is covenanted by and between the parties that whenever prior to May 1, 1945, the Lessee has paid to the Lessors or their successors in ownership the total rental for said ten year term, to wit, $19,200, and has fully and faithfully performed and observed the terms and conditions of said lease, thereupon the Lessors will convey to the Lessee herein the said premises hereinabove described free and clear from encumbrances and with general warranty except as against the taxes assessed in the year 1944 and payable in the year 1945 and except such assessments as are assumed by the Lessee hereunder.

Contemporaneously with the lease a letter was written by the lessors to the petitioner, as follows:

We, the undersigned, hereby agree that whenever, prior to May 1, 1945, you have paid us the full sum of $19,200.00 as the total rental involved in the 10 year lease covering Lots (1) and (2), Block (24), Sherlocks Addition to Portland, and have fully and faithfully performed and observed the terms and conditions of said lease, then, and in that event, we will deed you the aforementioned real property, free and clear of incumbrance, except the taxes assessed in 1944 and payable in 1945.

In 1935 petitioner's monthly payments aggregated $1,280.

The respondent defends his disallowance of the deduction by citing section 23 (a) of the Revenue Act of 1934, which is as follows:

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—* * * and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

From this statutory language it is clear that a taxpayer does not establish a deduction merely by showing that the amount paid is called rental, or that, regardless of nomenclature, it is rental in that the consideration for its payment is to some extent the possession, use and occupancy of the property. The only rental which may be deducted is that "of property to which the taxpayer has not taken or is not taking title or in which he has no equity." Since deductions are only available within the limit of the terms in which they are expressed in the statute, the taxpayer must prove the statutory negatives.

This we think the petitioner is unable to do. One of the express terms of the agreement is the lessors' promise to convey the premises whenever the lessee pays $19,200, which is the total rental for the 10-year term. The lessee, by paying the remaining rental, could at any time get title without waiting for the expiration of the 10 years. Each monthly payment lessened the remainder and eased petitioner's burden. Clearly a lump sum so paid would be the price of a conveyance, and we think that the monthly sums have the same character. It is not necessary to hold that by payment of the rental petitioner acquires an "equity", for that word is not easy to define;

it is enough that the lease provides a right in petitioner to take title to the property for which the rental is paid.

What we have said assumes *arguendo* that the contract here in question is correctly called a lease, but this is questionable. Certainly it is not an ordinary lease. See *Watson* v. *Commissioner*, 62 Fed. (2d) 35; *Jefferson Gas Coal Co.* v. *Commissioner*, 52 Fed. (2d) 120; *Herring-Hall-Marvin Co.* v. *Smith*, 43 Oreg. 315; 72 Pac. 704; rehearing denied, 43 Oreg. 315; 73 Pac. 340; *Grapico Bottling Works* v. *Liquid Carbonic Co.*, 163 La. 1057; 113 So. 454; *Minneapolis Security Building Corporation*, 38 B. T. A. 1220; *Alexander W. Smith, Jr., Executor*, 20 B. T. A. 27; *Holeproof Hosiery Co.*, 11 B. T. A. 547.

*Decision will be entered for the respondent.*