James C. Gallagher and Rosina Gallagher v. Commissioner.
Gallagher v. Commissioner
Docket No. 3775.
United States Tax Court
1945 Tax Ct. Memo LEXIS 221; 4 T.C.M. (CCH) 414; T.C.M. (RIA) 45138; April 24, 1945
Harry J. J. Bellwoar, Jr., Esq., Room 2901, 12 S. 12th St., Philadelphia, Pa., for the petitioners. Karl W. Windhorst, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: A deficiency of $170.61 income tax for 1941 was determined as the result of a disallowance of a deduction "because the evidence indicates that the sale was made in the year 1940, and therefore no deductible loss was sustained in the year 1941." [The Facts] The taxpayers are husband and wife and filed a joint return in Philadelphia, where they reside. On February 19, 1940, Rosina Gallagher, at a cost of $2,523.29, purchased some cleaning, dyeing, and pressing equipment, intending to set up a plant and use it in a cleaning and dyeing business. When the taxpayers found that *222 the project would be more expensive than they had anticipated, they abandoned the idea, put the equipment in storage, and sought a purchaser for it. Negotiations for sale were had with Meyer Lutsky, beginning with an asking price of $2,500 and coming down to $1,500. Lutsky was unable to pay cash. On June 11, 1940. Rosina Gallagher executed an agreement with Lutsky in the form of a lease of the equipment for a term of 15 months beginning August 15, 1940, at a total rental of $1,500, to be paid in monthly installments of $100 per month. It was provided that upon completion of the rental Rosina Gallagher would execute a bill of sale of the equipment to Lutsky or his assignee for One Dollar. The installment payments aggregating $1,500 were made in the months from August, 1940, to October, 1941. They were not reported as gross income by the taxpayers in their 1940 or 1941 returns. On November 1, 1941, Rosina Gallagher, in consideration of One Dollar, executed a bill of sale of the equipment to Lutsky's assignee. She thus sustained a loss of $1,023.29. The taxpayers assail the Commissioner's disallowance of the deduction taken by them on their return for 1941, and challenge the determination *223 that the sale was made in 1940 and no loss was sustained in 1941. They take the position that the transaction with Lutsky was what is recognized in Pennsylvania as a "bailment lease" and that title was not passed until the execution of the bill of sale in 1941. While this proposition is apparently true, it is not the crux of the question at issue in this proceeding. The question is not alone whether there was a sale to Lutsky, for obviously there was; nor is the question whether the sale occurred in 1940 or 1941. The tax year for the deduction of the undisputed loss is determined not entirely by the time when the sale occurred but upon the time when the loss was sustained. Clearly, the lessor-vendor could not have successfully claimed when she made the agreement with Lutsky in June, 1940, that she sustained a definitive loss at that time, even though the aggregate amount of installments which she was to receive over 15 months was less than her cost of the property. Until the expiration of the period of the "lease" she had not sold the property and did not know whether the lessee would fulfill his obligations or exercise his option to demand a bill of sale of the property. The price *224 fixed by the lease was to be paid in installments over 15 months, and the loss which it was to entail could not be spread over the period, as could a gain, or regarded as definite and complete at the beginning of the term. While the amounts paid each month throughout the term by Lutsky were not deductible by him as rent, Helser Machine & Marine Works, Inc., 39 B.T.A. 644, and cases cited therein, this rests on an express provision of the statute which excludes from deduction rentals paid upon property in which the taxpayer has an equity or is taking title, and it could not be said in view of the provisions of the lease that he is not taking title or has no equity. The Commissioner was in error in disallowing a deduction for loss in 1941. Since the property sold was, as shown by the evidence, a capital asset, having a cost of $2,523.29 (Sec. 117 (a) (1), I.R.C.). which was held more than 18 months and less than 24 months, and the sale resulted in a long term capital loss of $1,023.29 (Sec. 117 (a) (5)), only 66 2/3 per centum of the loss shall be taken into account (Sec. 117 (b)). Decision will be entered under Rule 50.