Decided 29 February, 1888.

## SCHNEIDER v. LEE.*

[ 17 Pac. 269 ]

1. TITLE TO CHATTELS SOLD ON CONDITIONAL CONTRACT.—A sale and delivery of chattels on a contract reserving title in the vendor until the entire purchase price is paid, does not pass title to the vendee:  *Singer Mfg. Co.* v. *Graham*, 8 Or. 17, and *Rosendorf* v. *Baker*, 8 Or. 240, followed.

2. GARNISHMENT—FRAUDULENT CONVEYANCE—COLLATERAL ATTACK.—One in possession of certain chattels made a general assignment for creditors, and his wife. claiming to be the owner of a half interest in such property, sued the assignee and prevailed, whereupon the chattels were sold and half the proceeds paid to her attorney by an order of court, after which a judgment creditor of the husband issued an execution and garnished the attorney. *Held*, that the question of the wife's title to the furniture could not be tried in a legal forum, she having been declared to be the legal owner by a judicial proceeding, the validity of which is not assailed; the remedy must be by a suit in equity.

From Multnomah :    E. D. SHATTUCK, Judge.

Garnishment proceeding against Wm. M. Gregory, on an execution issued by H. Schneider against Lee & Marx.    The garnishee had judgment, from which plaintiff appeals.

AFFIRMED.

NOTE.—This case has not been heretofore officially published, and is now reported with the sanction of the court.—REPORTER.

*Mr. Frank V. Drake* for Schneider.

*Mr. Chas. H. Woodward* for Lee & Marx.

*Mr. Wm. M. Gregory pro se.*

MR. JUSTICE THAYER delivered the opinion.

The appellant herein undertook to reach certain moneys in the hands of the respondent Gregory, by means of an execution issued upon a judgment recovered in his favor and against the said Theodore Lee and F. Marx, which money ostensibly belonged to Nellie I. Lee, wife of said Theodore, and for whom said Gregory was acting as attorney. It appears that one J. M. Leonard formerly owned an undivided half of certain furniture, and that on the first day of August, 1883, he made a contract with said Theodore Lee, formally leasing the same to him. Said contract was in writing, and contained also a stipulation to the effect that, upon the payment of $4,000 — $2,000 of it in hand, and the remaining $2,000 in two payments of $1,000 each, payable respectively in six and twelve months from that time, with interest — the property should belong to said Lee. It also appears that said Theodore Lee paid said $2,000 in hand, and executed to said Leonard two negotiable interest-bearing promissory notes of $1,000 each, payable in six and twelve months, respectively, and that thereupon said Leonard delivered to him said half interest in said furniture. Said F. Marx was at the same time the owner of the other half interest therein, and he and the said Lee were partners under the firm name of Lee & Marx, and used the said furniture in their partnership business. On the twenty-eighth day of July, 1884, the said Theodore Lee and Nellie I. Lee executed to one John Carson, the father of Nellie I. Lee, a chattel mortgage

upon the half interest in the furniture delivered to the said Theodore. On the twenty-ninth day of July, 1884, the appellant commenced the action against said Lee & Marx in which the said judgment was recovered, and upon the same day sued out a writ of attachment and had the same levied upon the said furniture. On the thirty-first day of July, 1884, and while the said property was in the hands of the sheriff under the said writ of attachment, the said Lee & Marx made a general assignment of their property under the insolvent laws of the state to one J. Haas, as assignee, which property consisted only of said furniture. In 1884, and prior to the maturity of the second promissory note executed by the said Theodore Lee to the said J. M. Leonard, which was due August 1, 1884, the said Leonard sold and endorsed the note to third parties. The said John Carson, on the thirty-first day of July, 1884, purchased this last note of the then holders, and said Leonard, also on that day, in consideration thereof, and $150 paid by John Carson to Leonard on another account due him from Lee, at the request of said Lee and Carson, sold and assigned all of his (Leonard's) interest in the furniture and the notes and written contract before mentioned to said Nellie I. Lee.

The assignee, Jacob Haas, claimed that the title to said property had passed to Theodore Lee under the said written contract to him from Leonard, and was transferred to him, Haas, as such assignee, by virtue of the said assignment to him from Lee & Marx, whereupon the said Nellie I. Lee brought a suit in said circuit court to establish her title to the said property and to have partition thereof decreed. Such proceedings were had in the said suit that the said Nellie I. Lee recovered a decree therein for the relief claimed, which decree was affirmed, on appeal to this court. By stipulation of the

parties and order of the court, the whole of said property
was sold and the proceeds thereof were paid into court
to abide the result of said suit, and one-half of the same
was directed by the decree in said suit to be paid to the
said Nellie I. Lee.  Said sale having been made and the
said money paid into court, the clerk thereof paid to
the respondent, Mr. Gregory, as attorney for Mrs. Lee,
$604.55, the one-half of such proceeds, in pursuance of
the said decree; which is the money the appellant at-
tempted to reach by means of his said execution in the
hands of the said attorney Gregory.

1.  From these facts several important questions arise
that are presented for our consideration, the first one of
which is the nature and effect of the transaction between
Leonard and Theodore Lee, regarding the interest of the
former in the furniture.  The appellant's counsel con-
tends that it operated as a complete transfer to Lee of Leo-
nard's title to the furniture, notwithstanding the condi-
tions expressed in the written contract; that the effect
of the said conditions merely reserved in the former a
right in the nature of a security for the payment of a
debt.  The transaction belongs to a class of contracts
under which the rights of parties thereto, and their
privies, have been frequently adjudicated upon by the
courts, and different conclusions arrived at.  It has been
urged, with much reason, that where personal property
is sold and delivered upon condition that the title shall
remain in the vendor until the purchase price is fully
paid by the vendee, a purchaser in good faith from the
vendee, without notice of the terms of the contract of
sale, will acquire the title to the property unaffected by
the condition.  This court, however, in *Singer Manufac-
turing Co.* v. *Gaham, et al.*, 8 Or. 17, and in *Rosendorf, et
al.*, v. *Baker*, 8 Or. 240, held that under such an agreement
the title to the property did not pass to the vendee, and

that a sale of it by him to a *bona fide* purchaser conveyed no title; that the latter, at most, took only a right by implication to the use of the chattel until default in the stipulated payment. These decisions were in consonance with the later decisions of the courts of the State of New York; and yet it has been strongly insisted at the bar that the court should not adhere to that ruling. But, more recently, the Supreme Court of the United States, in *Harkness* v. *Russell*, 118 U. S. 663, has decided that, in the absence of fraud, an agreement for a conditional sale of personal property accompanied by delivery, was good and valid, as well against third persons as against the parties to the transaction. The facts in the latter case were somewhat analogous to those in the one under consideration, and the conclusion of the court, as mentioned, was reached after a review of a large number of authorities upon the question. In view of the decisions of this court in the cases referred to, and of the fact of their being sustained by such high authority as that of the Supreme Court of the United States, we would hardly be justified in making any different ruling, especially when we consider that it is a fundamental principle that a purchaser of a chattel only acquires the interest which his vendor had therein.

2. The next question presented is the effect of the assignment upon the rights of the appellant to resort to the property in order to satisfy his claim against Lee & Marx out of it.` The appellant's counsel insists virtually that when a debtor has assigned his property for the benefit of his creditors, under the insolvent law of the state, any one of his creditors has the right to seize the property upon execution in satisfaction of his debt, if a third party interposes a fraudulent claim to it and obtains possession of it. It was in accordance with such alleged right that the attempt was made to levy the exe-

cution upon the money in the hands of Mr. Gregory. Whether such right exists or not the court does not deem it necessary to determine, as the court is satisfied that the question of Nellie I. Lee's claim to the furniture being fraudulent, especially under the circumstances of this case, cannot be tried in garnishee proceedings; that said property could only be reached by a suit on behalf of the appellant and the other creditors willing to join therein and contribute to the expense thereof,— a suit in the nature of a creditor's bill. The furniture had been adjudged, in a suit between parties representing the legal title, to belong to Nellie I. Lee. The adjudication was conclusive at law of her right to its custody, and the appellant had no apparent right to have it applied in satisfaction of his judgment. Nor could he establish such right without delving beneath the proceedings had, and showing that notwithstanding them an equity existed in his favor entitling him to have such application made. This he could not do under proceedings of garnishment, as they are legal and not equitable proceedings. The property, viewed from a legal standpoint, belonged to Nellie I. Lee. The court had already so adjudged in a suit which at least bound the legal title, and it was necessary for the appellant to go into an equitable tribunal in order to obtain a remedy, if he had any. He should have commenced a suit in which all persons interested in the matter could have been made parties and have had their rights therein determined.

The case was not like one where a debtor fraudulently disposes of his property in order to avoid the payment of his debts. There an execution may be levied upon the property in the hands of the vendee by garnishment, as provided in the Civil Code, for the debtor, as respects the creditor, still has the legal title. But here the legal title to the furniture, if in Theodore Lee, was transferred

to Haas, the assignee, and was divested out of him and invested in Nellie I. Lee by force of the decree in the partition suit.

Other questions are presented by the said facts, but it is unnecessary to consider them, as the view already expressed determines the case. The judgment appealed from must be affirmed.

                                        AFFIRMED.