Argued July 13, decided July 26, 1910.

## JOHNSON v. IANKOVETZ.

[102 Pac. 799; 110 Pac. 398.]

APPEAL AND ERROR—TIME OF TAKING PROCEEDING—EXTENSION OF TIME TO FILE TRANSCRIPT.

1. Rules of a trial court provided for a motion book in which all motions shall be noted, and that copies of all papers filed must be served on the attorney for the adverse party, and no motion shall be heard except by consent of both parties, unless a copy thereof has been served. Section 553, B. & C. Comp., provides that within 30 days after appeal a transcript must be filed, and, if not so filed, the appeal shall be deemed abandoned, but the trial court or the Supreme Court may upon terms enlarge the time for filing the transcript. *Held,* that an appeal will not be dismissed because an extension of time in which to file the transcript was secured from the trial court without notice to the opposing counsel, as orders enlarging the time within which to file transcripts are made by the supreme justices without notice to the adverse parties.

REPLEVIN—PLEADING—SUFFICIENCY OF ALLEGATION OF OWNERSHIP AND POSSESSION.

2. In replevin, an allegation in the complaint that at all times mentioned plaintiff was and now is the owner and entitled to the immediate possession of the property, sufficiently alleges that at the commencement of the action plaintiff was the owner and entitled to the possession of the goods.

SALES—TERMS—NONPAYMENT OF PRICE—RIGHT OF VENDOR TO POSSESSION.

3. The law presumes a sale to be for cash when nothing is said to the contrary, and upon a sale for cash, payment and delivery are concurrent acts, and if the price is not paid at the time of the delivery of the goods, the seller may immediately reclaim them.

SALES—BONA FIDE PURCHASER.

4. Where a sale is for cash, but the purchaser does not pay for the goods and sells them to an innocent purchaser for value, no title will pass to such innocent purchaser unless the circumstances show that the seller waived his right to immediate payment.

SALES—WAIVER OF PAYMENT—QUESTION FOR JURY.

5. Whether a seller upon delivery of goods thereby waives immediate cash payment, and thus permits title to pass, is a question of fact to be determined from the circumstances.

SALES—CASH PAYMENT—WAIVER.
6. If a delivery of goods sold is voluntarily made without immediate payment being insisted on, such delivery waives the condition of cash payment.

SALES—BONA FIDE PURCHASER—FRAUD.
7. Where an owner transfers the title and possession of goods through fraud or ignorance, the sale is voidable only, and an innocent purchaser from the original purchaser may acquire a good title, but if the seller does not intend to part with the title until the price is paid, the delivery and payment being concurrent acts, the delivery of the goods to the purchaser without his making payment does not cause the title to pass.

SALES—PAYMENT BY CHECK—BONA FIDE PURCHASER.
8. Plaintiff sold two guns to a person who was a stranger to him and took the purchaser's check in payment, and the purchaser immediately sold the guns to defendant. The check was dishonored. *Held,* that there was no waiver of immediate payment for the guns, and that the delivery was conditional, and defendant acquired no title to them.

From Multnomah:   JOHN B. CLELAND, Judge.

This is an action of replevin by Charles F. Johnson against Sam Iankovetz, and from a judgment in favor of plaintiff the defendant appeals. Respondent files motion to dismiss appeal.                    MOTION DENIED.

Decided July 13, 1909.

ON MOTION TO DISMISS.

[102 Pac. 799.]

*Messrs. Bigger & Wilson* for the motion.

*Mr. Harry Yankwich* and *Mr. Leon Yankwich, contra.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. This is a motion to dismiss an appeal. A judgment was rendered in this action against the defendant, who perfected an appeal therefrom, and thereafter procured from the trial court an order extending the time within which to file a transcript on appeal. Before the expiration of the time limited, the defendant obtained from that court another like order, and within the time prescribed he filed in this court the transcript. This motion was interposed on the ground that the transcript was not filed

within the time limited therefor, the plaintiff's counsel contending that the orders referred to were made without notice to the adverse party as required by rules 6, 9, and 21 of the trial court. Copies of such rules have been duly authenticated and submitted with the motion. These rules provide, in effect, that a motion book shall be kept in which, upon the written application of either party, all motions in civil actions shall be noted, and such motions shall be heard on the third day after being so set down. Motions for extensions of time, however, may be heard each morning. Rule 6.

Copies of all papers filed in a cause must be served on the attorney for the adverse party, and no motion shall be heard except by consent of both parties, unless a copy thereof has been served. Rule 9.

"No agreement between the parties or their attorneys concerning any proceeding before the court will be regarded or enforced, unless the same be made in open court or reduced to writing and subscribed by the party or attorney to be bound thereby." Rule 21.

The defendant's counsel, opposing the motion, filed an affidavit which states that he informed plaintiff's attorney that he intended to apply for the extensions, which were granted, and that on one occasion plaintiff's attorney was present when the order was made. An examination of the transcript indicates that when the first order was made plaintiff's counsel was in open court, but that he was absent when the second order was issued; that no written notice was served upon him; and that he had not agreed in writing that such order should be made. If the rules of the trial court are to govern, no jurisdiction of the appeal was obtained, for the second order was made without attempting to comply with such rules. Rules are adopted to regulate the practice and to facilitate the dispatch of business pending in a court. When an appeal from a judgment or a decree, given by a trial court, has been perfected, the cause, so far as that tribunal is concerned, has terminated, and is no longer pending therein.

The statute demands that within 30 days after the appeal is perfected a transcript or an abstract on appeal must be filed with the clerk of the appellate court, and if not so filed the appeal shall be deemed abandoned and the effect thereof terminated, "but the trial court or the judge thereof, or the Supreme Court or a justice thereof, may, upon such terms as may be just, by order enlarge the time for filing the same." Section 553, B. & C. Comp. That enactment authorizes this court or a justice thereof to enlarge the time to file a transcript, though no jurisdiction of an appeal is obtained until such transcript has been filed. So, too, the trial court or its judge may make a like order, but, in doing so, a statutory power is exercised which is not based on the fact that the cause is pending in that court, though it may have *quasi* jurisdiction until the transcript is filed in the appellate court. Orders enlarging the time within which to file transcripts are made by justices of this court without notice to adverse parties. Such procedure is at times necessary, for an appellant who has ordered a transcript may discover at almost the last hour that the record cannot be prepared in time for filing, and, if notice of his application were required to be served upon the respondent or his attorney, the right of appeal might be lost.

As the cause is not in fact pending in a trial court after an appeal has been perfected from a judgment or a decree rendered therein, it is not believed that the rules of that court were ever designed to regulate the practice which pertains to this court in relation to such matters; and, this being so, the trial court or the judge thereof may, by order, enlarge the time within which to file a transcript on appeal without notice to the adverse party, thereby making the practice in all courts uniform throughout the State.

It follows that the motion should be denied; and it is so ordered.                                    DENIED.

Argued July 13, decided July 26, 1910.

## ON THE MERITS.

[110 Pac. 398.]

Statement by MR. JUSTICE EAKIN.

This is an action of replevin commenced in the justice court for the recovery of two guns of the value of $45.05. On August 25, 1908, E. C. Adams contracted to purchase from plaintiff the two guns at the price named, and, for the purpose of payment, gave to him his check for $45.30 on the Merchants' National Bank. He had no money in the bank and the check was dishonored. At the time of the transaction, plaintiff delivered the goods to Adams, who, the same day, sold them to defendant for the sum of $22. Upon appeal to the circuit court of Multnomah County, judgment was rendered in favor of plaintiff. Defendant appeals.                AFFIRMED.

For appellant there was a brief over the names of *Mr. Harry Yankwich* and *Mr. Leon Yankwich,* with an oral argument by *Mr. Harry Yankwich.*

For respondent there was a brief over the names of *Messrs. Bigger & Wilson,* with an oral argument by *Mr. Henry J. Bigger.*

MR. JUSTICE EAKIN delivered the opinion of the court.

2. It is first urged that the complaint does not state facts sufficient to constitute a cause of action in that it does not allege that, at the time of the commencement of the action, plaintiff was the owner and entitled to the possession of the goods. But counsel overlooks the sixth subdivision of the complaint, which states that, at all times and dates mentioned, plaintiff was and now is the owner and entitled to the immediate possession of the property, which is a sufficient allegation in that regard.

3. The question for determination is whether, by the delivery of the goods to Adams, such a title passed that

an innocent purchaser from him might acquire a title thereto as against plaintiff. That depends upon whether the sale was one in which the title to the goods was to remain in the vendor, until some condition precedent is fulfilled, or the delivery was unconditional.

4. The law presumes a sale to be for cash, when nothing is said to the contrary, and, upon a sale for cash, payment and delivery are concurrent acts. If the price is not paid at the time of the delivery of the goods the vendor may immediately reclaim them. Mechem, Sales, § 551.

"Where the buyer is by the contract bound to do anything as a condition, either precedent or concurrent, on which the passing of the property depends, the property will not pass until the condition be fulfilled, even though the goods may have been actually delivered into the possession of the buyer." Benjamin, Sales, § 320.

And in his notes to this rule, at page 299, he says:

"It being clear that, in the absence of any credit expressly or impliedly allowed, payment is a condition precedent, or at least concurrent, it necessarily follows that the right of property does not pass until that is done, even though the article is delivered."

No title will pass even to an innocent purchaser, for value from the vendee, unless the circumstances show that the vendor waived his right to immediate payment: *Johnson-Brinkman Co.* v. *Central Bank,* 116 Mo. 558, 570 (22 S. W. 813 : 38 Am. St. Rep. 615.)

5. Whether the vendor, upon delivery of the goods, thereby waives immediate cash payment and thus permits the title to pass, is a question of fact to be determined from the circumstances.

6. If the delivery is voluntarily made, without immediate payment being insisted on, the condition is waived. Some authorities hold that, in case of an innocent purchaser from the vendee, waiver will be more readily inferred from delivery, if there is no express reservation of title: Mechem, Sales, § 554; Benjamin, Sales, p. 219;

*National Bank of Commerce* v. *R. R. Co.* 44 Minn. 224 (46 N. W. 342, 560: 9 L. R. A. 263: 20 Am. St. Rep. 566) ; *Hirschorn* v. *Canney,* 98 Mass. 149; *Armour* v. *Pecker,* 123 Mass. 143.

7. In the present case the sale was a cash sale, and payment was attempted to be made by check on the bank in which the purchaser had neither funds nor credit. Delivery of the goods was made with the understanding that the check represented the cash. The delivery was, therefore, conditioned that the check would be honored. There is a distinction between a sale, induced by fraud, in which the vendor, in ignorance of the fraud, transfers the title and possession, in which the sale is voidable, but not void, and an innocent purchaser from the vendee may acquire a good title (*Burns* v. *Kennedy,* 49 Or. 588: 90 Pac. 1102; *Truxton* v. *Fait & Slagle Co.,* 1 Pennewell (Del.) 483: 42 Atl. 431: 73 Am. St. Rep. 81; *Moore* v. *Moore,* 112 Ind. 149: 13 N. E. 673: 2 Am. St. Rep. 170) ; and a case in which the vendor does not intend to part with the title until the price is paid, the delivery and payment being concurrent acts, and although the goods are delivered to the vendee, yet, without payment, no title will pass. In the one case it is intended that the title shall pass; in the other, that it shall not: *National Bank of Commerce* v. *R. R. Co.,* 44 Minn. 224 (46 N. W. 342, 560: 9 L. R. A. 263: 20 Am. St. Rep. 566) ; *Hodgson* v. *Barrett,* 33 Ohio St. 63 (31 Am. Rep. 527.)

It is said in *Evansville & Terra Haute Railroad Co.* v. *Erwin,* 84 Ind. 457, 464:

"Where payment is to be made simultaneously with delivery, and is omitted, evaded, or refused by the vendee on getting the goods under his control, the delivery in such a case is merely conditional, and the nonpayment would be an act of fraud entering into the original agreement, which would render the whole contract void, and the seller would have the right instantly to reclaim the goods."

The judge quotes with approval from *Coggill* v. *Hartford R. R. Co.*, 3 Gray (Mass.) 545:

"The vendee, in such cases, acquires no property in the goods. * * The delivery, which in ordinary cases passes the title to the vendee, must take effect according to the agreement of the parties. * * The vendee, therefore, in such cases having no title to the property, can pass none to others."

He further holds that the attempted sale by the vendee did not preclude the vendor from regaining his property.

In *Schne'der* v. *Lee*, 33 Or. 578 (17 Pac. 269), relating to a conditional sale, where it was urged that the purchaser from the vendee in such a case should be protected, Mr. Justice Thayer holds to the contrary, following *Singer Mfg. Co.* v. *Graham*, 8 Or. 17 (34 Am. Rep. 572), and *Harkness* v. *Russell*, 118 U. S. 663 (7 Sup. Ct. 51: 30 L. Ed. 285.) In the sale in the case of *Schneider* v. *Lee*, the title was expressly reserved, pending payment, but the vendor's rights did not depend upon notice to the subvendee, but upon want of title in the original vendee.

8. In *National Bank of Commerce* v. *R. R .Co.*, 44 Minn. 224 (46 N. W. 342, 560: 9 L. R. A. 263: 20 Am. St. Rep. 566). *Johnson-Brinkman Co.* v. *Central Bank*, 116 Mo. 558, 570 (22 S. W. 813: 38 Am. St. Rep. 615), *Canadian Bank* v. *McCrea*, 106 Ill. 281, and *Commonwealth* v. *Devlin*, 141 Mass. 423 (6 N. E. 64), the sales were for cash and payments were made by checks, which were dishonored, and it was held that no title passed to the vendee, and that the goods might be reclaimed by the vendor from a subsequent purchaser.

Mechem, Sales, § 554, states that, where the payment of the purchase price is expressly or impliedly a condition precedent to the passing of title, the delivery is deemed to be conditional, and, if payment is refused, the vendor may reclaim his goods either from the vendor or any one claiming through him. To the same effect are Sections 551, 552, 555, *Id.;* Benjamin, Sales, §§ 320, 343, and note

on page 299; *Johnson-Brinkman Co.* v. *Central Bank,* 116
Mo. 558, 570 (22 S. W. 813: 38 Am. St. Rep. 615);
*National Bank of Commerce* v. *R. R. Co.,* 44 Minn. 224
(46 N. W. 342, 560: 9 L. R. A. 263: 20 Am. St. Rep. 566);
*Hirschorn* v. *Canney,* 98 Mass. 149; *Armour* v. *Pecker,*
123 Mass. 143; *Evansville & Terra Haute Railroad Co.* v.
*Erwin,* 84 Ind. 457, 464; *Furniture Co.* v. *Hill,* 87 Me. 17
(32 Atl. 712); *Dudley* v. *Sawyer,* 41 N. H. 326.

If the intention of the vendor in a cash sale, as gath-
ered from the circumstances of the transaction, was to
pass the title with the delivery of possession or if he
waived immediate payment, then as to an innocent pur-
chaser the title will pass.   Mechem, Sales, § 552; *Bowen*
v. *Burk,* 13 Pa. 146; *Furniture Co.* v. *Hill,* 87 Me. 17 (32
Atl. 712; *Oester* v. *Sitlington,* 115 Mo. 247 (21 S. W.
820.)   As to such a waiver of immediate payment, see,
also, note to *Fishback* v. *Van Dusen,* 33 Minn. 111 (22
N. W. 244) in 24 Am. Law Reg. (N. S.) 514.

In the present case every circumstance tends to show
that the vendor did not waive immediate payment of the
price of the goods.   The purchaser was a stranger to him,
and there was no intention to deliver the goods upon his
credit, but plaintiff expected to receive the cash upon the
presentation of the check, and evidently would not have
parted with the goods otherwise.   The delivery was condi-
tional, and defendant acquired no title.

The judgment is affirmed.          AFFIRMED.