Motion to strike abstract of record from files denied September 8, 1914.

Argued and submitted on the merits March 11, reversed April 13, 1915.

## FRANCIS v. BOHART.*

(143 Pac. 920; 147 Pac. 755.)

**Appeal and Error—Record—Objections.**

1. Respondent's remedy, when the appellant's abstract misquotes the bill of exceptions and contains argumentative matter proper only for a brief, is to serve on the clerk of the Supreme Court and on appellant's counsel an additional abstract, as prescribed by Supreme Court Rule 7 (56 Or. 616, 117 Pac. x), and not by motion to strike the abstract from the files.

### ON THE MERITS.

**Sales—"Conditional Sale."**

2. A contract whereby the possession of personal property is delivered to the buyer, who agrees to pay a price therefor with the condition that the title remain in the seller until the price is paid, is a conditional sale.

[As to what constitutes conditional sale, see notes in 46 Am. Rep. 295; 94 Am. St. Rep. 234. As to sale conditioned that title remain in vendor until payment, when and against whom fraudulent, see note in 58 Am. St. Rep. 386. As to sale conditional upon the final payment of the purchase price, see notes in 37 Am. Rep. 664; 40 Am. Rep. 21.]

**Sales—Conditional Sale—Suit for Purchase Price—Effect.**

3. Where one who sold goods under a conditional sale contract recovered judgment against the buyer for the purchase price and

---

*As to whether bringing action for purchase price is waiver of right of vendor in conditional sale to recover property in specie, see note in 23 L. R. A. (N. S.) 144.　　　　　　　　　　REPORTER.

76 Or.—1

levied execution against part of the property, he thereby elected to treat the title as having passed to the buyer, and cannot thereafter retake the property under his reserved title.

[As to election of remedies, when resort to one bars the prosecution of another, see note in 1 Am. St. Rep. 626.]

From Lane: LAWRENCE T. HARRIS, Judge.

This is an action by I. M. Francis against W. A. Bohart. From a judgment in favor of plaintiff, defendant appeals. Respondent moves to strike appellant's abstract of record from the files.

MOTION DENIED.

*Mr. Fred E. Smith,* for the motion.

*Mr. H. E. Slattery,* contra.

Opinion PER CURIAM.

1. The plaintiff respondent moves to strike from the files the appellant's abstract of record, for the reason, in substance, that it misquotes the bill of exceptions and contains argumentative matter proper only for a brief. Based also upon this, he further moves to dismiss the appeal.

The practice in such cases is governed by Rule 7 of this court (56 Or. 616, 117 Pac. x), which is as follows:

"If the respondent shall deem the appellant's abstract imperfect or unfair, he may, within ten days after receiving a copy thereof, deliver to the appellant's counsel one, and to the clerk of this court, with proof of service upon appellant, sixteen printed copies of such further or additional abstract as he shall deem necessary to a full understanding of the questions involved in the appeal."

This rule is controlling in such cases, and if the abstract was unsatisfactory to the plaintiff, his remedy is formulated by the rule.

The motion is denied.          DENIED.

Reversed April 13, 1915.

ON THE MERITS.

(147 Pac. 755.)

Department 2.    Statement by MR. JUSTICE BURNETT.

This action was commenced to recover the possession of seven cows, two heifers, and four calves, of the alleged value of $745. The defendant admits the possession of the cattle and the demand for their custody. Otherwise he denies the complaint. He further answers that the plaintiff represented to him that he had sold the property to one Thienes; that he relied upon the statement, and so bought the property afterward from Thienes without any knowledge of plaintiff's reservation of title, and hence the latter is estopped to assert title in the same as he does in this action. Again, the defendant states that the plaintiff sold the property here in contention, with other personalty, to the defendant's grantor at one time, in one sale, and as a single transaction, with the agreement that the title to all the chattels should remain in this plaintiff until his grantee had fully paid for the same; that in an action at law subsequently commenced the plaintiff here recovered a judgment against his grantee for $383.75, upon which he issued an execution and levied it upon a large part of the personal property included in the original transaction between the plaintiff and the conditional purchaser of the same; and that on account of the levy the plaintiff waived his reservation of title to all the property included in the original conditional sale and vested the same in the contracting purchaser, from whom the defendant bought. The reply denies the matter pleaded in es-

toppel, and admits that the plaintiff sold the personal property described in the complaint with the condition, as stated in the answer, that the title should not pass from the plaintiff until the purchase price was paid; and that, at the time the defendant claims to have bought the property, his grantor, plaintiff's grantee in the transaction, was in default in his contract to purchase the chattels, all of which the defendant well knew. The reply further charges that the purchase of the property alleged by the defendant was without actual consideration and with a fraudulent purpose and intent, known to and participated in by both the defendant and his seller, of placing the property beyond the reach of plaintiff and hindering and delaying him in the collection of his claim against the defendant's grantor. It was conceded that in the original transaction between the plaintiff and his grantee all the property was sold at one time, in one sale, and in one transaction, with the reservation of title as stated. The recovery of the judgment, issue of the execution thereon, and levy upon certain personal property are admitted, but the reply states that the levy did not include the particular property involved in this action. From a judgment on a verdict in favor of the plaintiff after a jury trial, the defendant appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. H. E. Slattery.*

For respondent there was a brief over the names of *Mr. J. F. Brumbaugh, Mr. Fred E. Smith* and *Mr. G. N. Parmenter,* with an oral argument by *Mr. Brumbaugh.*

MR. JUSTICE BURNETT delivered the opinion of the court.

2. A contract whereby the possession of personal property is delivered to a buyer, who agrees to pay a price for the same, with the condition that the title remain in the seller until the price is paid, constitutes a conditional sale of the personalty: *Singer Mfg. Co.* v. *Graham,* 8 Or. 17 (34 Am. Rep. 572); *Rosendorf* v. *Baker,* 8 Or. 240; *Schneider* v. *Lee,* 33 Or. 578 (17 Pac. 269); *Herring-Marvin Co.* v. *Smith,* 43 Or. 315 (72 Pac. 704, 73 Pac. 340); *McDaniel* v. *Chiaramonte,* 61 Or. 403 (122 Pac. 33). In the case last cited, concerning a breach of a contract by the purchaser, the opinion quotes from 1 Mechem on Sales, Section 615, giving to the seller four remedies, namely:

"(1) He may treat the contract as rescinded upon default of the buyer and recover the goods. In that event, that is his only remedy. (2) He may treat the contract as in force, but broken by the buyer, ~nd if by the transaction the buyer contracts to pay, the seller may retake the goods and recover damages for the breach. (3) He may, if the buyer agreed to pay the price, waive the return of the goods and sue for the price. (4) He may, if the contract permits it, without rescinding, take possession of the goods and hold them as security for the fulfillment of the contract."

3. It appears without dispute in the testimony that the judgment recovered by the plaintiff here against his grantee was for the purchase price of a portion of the chattels which the latter had sold and had not paid to the plaintiff. As stated in *Thienes* v. *Francis,* 69 Or. 171 (134 Pac. 1195, 138 Pac. 845), in construing this very contract, the sale by plaintiff's grantee before title passed to him constituted a breach of the agreement. The plaintiff then had a single cause of action

arising out of a contract single in its terms for a single price, and, if he would proceed, he was put to his election which of the remedies offered him by law he should pursue. An action for the purchase price of the property is an action on the contract, and necessarily proceeds upon the theory that the title has been waived by the seller and vested in the buyer. Indeed, the weight of authority is to the effect that the commencement of any litigation which depends upon the hypothesis that the title has passed to the purchaser on waiver by the seller constitutes an election which the plaintiff cannot afterward revoke. In *Hickman* v. *Richburg,* 122 Ala. 638 (26 South. 136), the plaintiff had contracted to sell lumber to the defendant, reserving title until the price was paid. It was held that the unsuccessful attempt of the plaintiff to establish a lien upon the structure in which the lumber was used constituted a waiver of the reservation of title, and that it was an election which barred the attempt to recover the identical property or damages for its conversion. In *Butler* v. *Dodson,* 78 Ark. 569 (94 S. W. 703), it was decided that bringing an action for the selling price is a waiver of the reservation of title. To the same effect are *Smith* v. *Barber,* 153 Ind. 322 (53 N. E. 1014); *Alden* v. *Dyer,* 92 Minn. 134 (99 N. W. 784); *Orcutt* v. *Rickenbrodt,* 42 App. Div. 238 (59 N. Y. Supp. 1008); *Fredrickson* v. *Schmittroth,* 77 Neb. 724 (112 N. W. 564); *Mathews Piano Co.* v. *Markle,* 86 Neb. 123 (124 N. W. 1129); *Sioux Falls Adjustment Co.* v. *Aikens,* 32 S. D. 154 (142 N. W. 651); *North Robinson Dean Co.* v. *Strong,* 25 Idaho, 721 (139 Pac. 847); *Chase* v. *Kelly,* 125 Minn. 317 (146 N. W. 1113); *Purdy* v. *Dunn Machinery Co.* (Ga.), 82 S. E. 888; *Frisch* v. *Wells,* 200 Mass. 429 (86 N. E. 775, 23 L. R. A. (N. S.) 144). In commencing his action for the purchase

price or part of the property, the plaintiff adopted the alternative of suing for the price instead of resuming the custody of the property by replevin or recovering damages in trover for its conversion. The contract being single, there was a breach of the whole agreement giving rise to but one cause of action for the price. Having proceeded on the plan of recovering the sum stipulated to be paid under the contract for the sale of the property, the judgment rendered in that action is conclusive upon both parties, not only for what was actually litigated, but as to every other matter which the parties might have litigated and settled as incident to and necessarily connected with the subject matter of the litigation: *White* v. *Ladd,* 41 Or. 324 (68 Pac. 739, 93 Am. St. Rep. 732); *Colgan* v. *Farmers & Mechanics' Bank,* 69 Or. 357 (138 Pac. 1070). Having a grievance against his adversary, a party cannot submit him to the slow torture of multiplied litigation, when the whole matter can be settled in one action or suit. In other words, possessing but a single cause of action, he may not split it up to be used as material for several actions: *Indiana B. & W. Ry.* v. *Koons,* 105 Ind. 507 (5 N. E. 549); *Wilson* v. *Buell,* 117 Ind. 315 (20 N. E. 231); *Willoughby* v. *Atkinson Furniture Co.,* 96 Me. 372 (52 Atl. 756); *Mallory* v. *Dawson etc. Co.,* 32 Tex. Civ. App. 294 (74 S. W. 593).

In short, the prosecution of the action for the purchase price of part of the property was an irrevocable election to proceed upon the postulate that the title to the property had passed to the purchaser named in the contract. Having entered upon that course, the plaintiff was bound to pursue it consistently to the end. He cannot shift his position and afterward undertake to recover in specie the property which was the subject of the contract. It having been possible to sue for

the whole purchase price, it was his duty to have done so, if he chose to take that remedy at all, and he must be held to have accepted the results of that judgment as a determination of all his rights under the contract. The facts recited appeared without dispute from the pleadings and evidence offered at the trial, and it was the duty of the court to sustain the motion made by the defendant for a verdict in his favor at the close of all the evidence, for, under the authorities cited, the action of the plaintiff in suing for the price, even of a part of the property, was a waiver of the title, which having passed from him, he cannot recover possession of the chattels involved. Many other errors are assigned which, in the view we have taken of the case, are unnecessary to be considered.

The judgment is reversed.            REVERSED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE BEAN concur.