Submitted on briefs January 9, affirmed January 29, 1918.

# PELTON WATER WHEEL CO v. OREGON IRON CO.*

(170 Pac. 317.)

**Pleading—Inconsistent Defenses—Election.**

1. In action for possession or value of machine sold under conditional contract and resold by vendee, defenses that vendee bought on consignment, and that he was agent with right to collect, were inconsistent with a third defense that the sale was unconditional and without reservation, and defendant was properly required to elect.

**Sales—Conditional Sales—Duty of Seller to Collect—Subsequent Vendees.**

2. Where a machine was made to order and title reserved in plaintiff and vendee resold, the question of suretyship did not arise so as to require any effort on part of plaintiff to collect from the vendee, but plaintiff could depend solely on the subsequent purchaser, and not file claims in a bankruptcy proceeding of the conditional vendee.

**Sales—Conditional Sales—Purchaser from Conditional Vendee—Rights.**

3. A conditional vendee of a machine cannot pass title to even a *bona fide* purchaser, but he can pass a defeasible interest, and the subsequent purchaser can make his title absolute by complying with the terms of the contract.

[As to what constitute conditional sales, see notes in 46 Am. St. Rep. 295; 94 Am. St. Rep. 234.]

**Sales—Conditional Sales—Payment—Acceptance of Notes.**

4. Under a conditional contract of sale of a machine providing that the title shall not pass until payment, "including deferred payments and notes or renewals thereof," the taking of promissory notes for

*On duty of purchaser of property from conditional vendee, with right to sell, to see that latter's vendor is paid, see note in 26 L. R. A. (N. S.) 585.                                                     REPORTER.

the amount due would not be a payment, unless so agreed and understood.

**Sales—Conditional Sales—Machine Affixed to Realty—Bona Fide Purchasers—Burden of Proof.**

5. The burden is on a purchaser from a conditional vendee of a machine affixed to the realty of such vendee, to show that he is a *bona fide* innocent third party.

**Sales—Conditional Sales—Affixing to Realty—Subsequent Bona Fide Purchaser—Pleading.**

6. One cannot claim that he is a *bona fide* innocent purchaser of a machine affixed to realty, his seller being a conditional vendee, where the theory of defense was that there was no conditional sale, or that the conditional vendee was the agent of the plaintiff.

**Fixtures—Conditional Contract of Sale—Third Persons—Evidence as to Nature of Property.**

7. A contract for reservation of title as to a machine *held* to be of great weight in determining whether the machine had been so attached to the realty as to become a part thereof, as against a third party.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.  Statement by MR. JUSTICE BEAN.

This is an action brought by the Pelton Water Wheel Company against the Oregon Iron and Steel Company for the recovery of the possession or the value of a certain double Pelton-Francis turbine generator, with the appurtenant equipment, which was contracted to be sold by the former company to the Pacific Electric Engineering Company, an Oregon corporation, which will hereafter be designated as the Engineering Company, under a contract by the terms of which the title thereto was to remain in the seller until the price was fully paid.  This machine was resold by the Engineering Company to the defendant Oregon Iron and Steel Company, the latter paying for it in full.  The defendant claims this was done without any actual notice of the plaintiff's claim for security.  The Engineering Company paid part of the purchase price and the plaintiff is claiming the balance, or a return of the generator, from the defendant,

against which claim the defendant sets up several defenses. The cause was tried by the court without the intervention of a jury. The court made findings of fact and rendered judgment in favor of the plaintiff for $1,719.35, from which defendant appeals.

On September 1, 1909, the Pelton Water Wheel Company made a written contract to sell to the Engineering Company the turbine generator, the subject of this suit, for $5,600. This contract of sale is annexed to the bill of exceptions in the case. It contains ten typewritten pages of specifications and three pages of printed matter setting forth the terms of the sale. Among other terms contained in the printed matter are the following paragraphs:

"That the legal title in and to the apparatus or machinery described in said specifications shall not pass from the company until all payments provided for in this agreement, including deferred payments and any notes or renewals thereof, shall have been fully made by said purchaser in cash; and the same shall hold true whether the said apparatus or machinery be attached to the realty or not; and the purchaser agrees to take every step necessary to assure and maintain in the company said legal title to all of said apparatus and machinery."

"If default be made in any of the payments due the company in the manner, form, and at times hereinafter specified, the company may retain any and all payments which shall theretofore have been made, as liquidated damages, and shall be entitled to the immediate possession of the property described in said specifications and referred to herein, and may enter upon the premises of the purchaser where such apparatus or machinery shall be located or stored and remove the same, at such time and for such purpose as it may desire, nor shall said entry and removal be held to constitute any prejudice to the right of the company to recover or sue for any further damages by reason of the purchaser's failure to make the pay-

ments required or to surrender the said apparatus or machinery when required.''

The contract was signed by the Pelton Water Wheel Company and by the Engineering Company, as purchaser, and underneath the latter's signature was an approval as follows: Approved for the Oregon Iron and Steel Company, A. S. Patullo, secretary.'' Pursuant to the terms of the above agreement the turbine generator was delivered to the Engineering Company which resold it to the Oregon Iron and Steel Company for $6,020. The full purchase price was paid and it was installed in the latter company's plant near Oswego, Oregon. Of the $5,600, the purchase price to be paid by the Engineering Company to the Pelton Water Wheel Company, about $3,900 was paid, leaving a balance of $1,719.35 due on the date when this action was started. After making such part payments, the Engineering Company fell behind and finally, to cover its balance, executed a number of notes to the Pelton Water Wheel Company. Subsequently, in 1913, the Engineering Company went through bankruptcy and paid a dividend, but the Pelton Water Wheel Company never proved its claim against the insolvent estate, and, on September 9, 1915, brought this action against the Oregon Iron and Steel Company.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Wood, Montague & Hunt* and *Mr. Prescott W. Cookingham.*

For respondent there was a brief over the name of *Messrs. Beach, Simon & Nelson.*

MR. JUSTICE BEAN delivered the opinion of the court.

The court required the defendant to elect upon which of the defenses pleaded in its answer it would rely, and this is assigned as error. The defendant answered to the purport: (1) that the conditional vendee bought the machinery on consignment from plaintiff; (2) that the conditional vendee as a matter of fact was not a vendee, but was an agent of plaintiff with the right to collect from the defendant; and (3) that the plaintiff made an outright sale without reservation to the conditional vendee.

1. The third defense is inconsistent with the first and second and it is manifest that all three defenses cannot be true. It was within the province of the trial court to require the defendant to elect upon which of the defenses it would rely. There was no error in so ruling.

The main question contended for by counsel for defendant is that as a matter of law the Oregon Iron and Steel Company is not required to pay plaintiff any sum remaining unpaid on the turbine generator. At the close of the evidence defendant moved the court for a judgment of nonsuit and assigns the denial thereof as error. From a reading of all the evidence we are led to believe that the same tended to show the facts substantially as above stated and that the motion for a nonsuit was properly denied. .

2. It appears that the plaintiff manufactured the turbine generator according to plans and specifications and made a contract for sale thereof by which the title was to remain in the plaintiff until the same was paid for. The plaintiff owned the title to the machine and no legal title passed to the Engineering Company; therefore, no legal title thereto passed to the defendant. We do not consider that the question

of suretyship arises in the case, but rather that of ownership of the turbine in controversy. The original contract clearly and specifically reserves the title to the machine in plaintiff. Defendant approved the contract for the sale and hence must have known of the terms thereof at the time. Nothing has taken place since then to change the relation of the parties or the legal title to the property.

3. It is a fundamental doctrine of the common law that in general no one can transfer a better title to a chattel than he himself possesses: 1 Mechem on Sales, § 154. The universal and fundamental principle of our law is that no man can be divested of his property without his own consent and consequently even an honest purchaser under a defective title cannot hold against the true proprietor: Id., § 155. According to the general rule in order to pass the title to a chattel, as against the seller, there must be a valid, existing and completed contract of sale: 35 Cyc., p. 274. In the case of a so-called conditional sale, or contract to sell, where by the express terms of the agreement the possession of the chattel is to be delivered to the buyer, but the property in it is to remain in the seller until payment of the price, the title to the property does not pass to the buyer until the condition of payment is performed. And where the question is unaffected by statute, the buyer cannot pass title to another even to a *bona fide* purchaser for value. But although the title to the property does not pass the buyer acquires a defeasible interest, which before breach of condition he may sell, and which upon performance of the condition becomes perfect. Such a second vendee acquires not only the right of possession and use, but the right to become the absolute owner upon complying with the terms of the contract: Tiffany on Sales,

pp. 135–138; 35 Cyc., p. 675 et seq.; *Singer Mfg. Co. v. Graham,* 8 Or. 17 (34 Am. Rep. 572); *Schneider* v. *Lee,* 33 Or. 578 (17 Pac. 269); *Christenson* v. *Nelson,* 38 Or. 473 (63 Pac. 648); *Johnson* v. *Iankovetz,* 57 Or. 24 (102 Pac. 799, 110 Pac. 398, 29 L. R. A. (N. S.) 709); *McDaniel* v. *Chiaramonte,* 61 Or. 403 (122 Pac. 33); *Francis* v. *Bohart,* 76 Or. 1–5 (143 Pac. 920, 147 Pac. 755, L. R. A. 1916A, 922); *International Harvester Co.* v. *Bauer,* 82 Or. 686 (162 Pac. 856); 1 Mechem on Sales, § 599.

4–7. The case at hand is not like one where a manufacturer or wholesale dealer ships goods on consignment to a retail merchant to be sold in the ordinary course of trade and turn the proceeds over to the seller. The conditional sale under consideration was made on credit and the contract provided for renewals and extensions. According to the stipulations of the contract to sell quoted above the taking of the promissory note of the Engineering Company by plaintiff for the amount due would not be a payment unless so agreed and understood. The leniency shown in extending the time for payment of the property did not constitute laches or tend to vest the legal title in the conditional vendee. The defendant argues that a conditional sale of property affixed to the realty is void as against a *bona fide* innocent third party. The burden of proving that the defendant was a *bona fide* purchaser was upon itself. In this respect the defendant company failed. There was evidence to support the finding of the trial court to the effect that the defendant was not an innocent purchaser, or without notice, and as such finding has the force and effect of the verdict of a jury it cannot be disturbed. In addition to this such claim is not specially pleaded and is not in consonance with the theory of the defendant's

case as demonstrated by its pleading. From a legal standpoint the contract for the reservation of the title in plaintiff under the circumstances of this case would have great weight in determining whether or not the machine had been so attached to the realty as to become a part thereof, or was still a chattel: 1 Jones on Mtgs. (7 ed.), § 431. The plaintiff acted in good faith in the transaction and concealed nothing from defendant. It seeks to recover only the balance unpaid. At the time the defendant had all the means of knowledge of the true conditions of the sale and title to the apparatus. Its magnanimity in paying the Engineering Company without ascertaining whether the contract which it had approved had been complied with, or taking indemnity from that company in the construction of its plant, if the latter was the case, should not work a hardship upon plaintiff or a forfeiture of its title to the machine: See *Van Allen* v. *Francis,* 123 Cal. 474, 478 (56 Pac. 340).

The findings of the trial court were supported by competent evidence. Such findings support the judgment based thereon. We find no error in the record and the judgment is affirmed.   AFFIRMED.

MR. JUSTICE McCAMANT took no part in the consideration of this case.