# RICHARD JOHNSON *v.* MARTIN FURNITURE CO.

## (*Jackson.*    April Term, 1918.)

1. **APPEAL AND ERROR.** Record. Agreed case. Motion for new trial.

Where a cause was submitted solely upon an agreed statement of facts, the agreed case became a part of the record without certification by the trial court, and, no bill of exception being required, a motion for new trial was not essential to an appeal. (*Post, p.* 581.)

Cases cited and approved: Railroad v. Johnson, 114 Tenn., 632; Seymour v. Railroad, 117 Tenn., 98; Railroad v. Ray, 124 Tenn., 16.

2. **SALES.** Conditional sales. Personal judgment. Replevin.

The taking of a personal judgment against a purchaser under a conditional sales contract upon default does not preclude resort to replevin to bring the property to sale under Thompson-Shannon Code, section 3666; the retention of title being security for the personal obligation, which security is not lost by the judgment. (*Post, p.* 582.)

Cases cited and approved: Frisch v. Wells, 200 Mass., 429; Francis v. Bohart, 76 Or., 1; Norman v. Meeker, 91 Wash., 534; Automobile Co. v. Bicknell, 129 Tenn., 496; Stephens v. Greene County Iron Co., 58 Tenn., 71; Rossiter v. Merriman, 80 Kan., 739; Bank v. Bradley, 83 Tenn., 279; Ballinger v. West Pub. Co., 239 U. S., 646; Turner v. Brock, 53 Tenn., 50; Hines v. Perkins, 49 Tenn., 395; Southern Ice Co. v. Alley, 127 Tenn., 173.

Cases cited and distinguished: Chitwood v. Trimble, 61 Tenn., 78; Lovejoy v. Murray, 3 Wall. (70 U. S.), 1.

Code cited and construed: Sec. 3666 (T.-S.).

FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals and by *certiorari* to the Court of Civil Appeals, from the Supreme Court.—BEN L. CAPELL, Judge.

B. F. BOOTH, for plaintiff in error.

DUNCAN MARTIN, for defendant in error.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This is an action of replevin to recover possession of furniture sold to Johnson under a conditional sale contract calling for installment payments.

The trial in the circuit court was before the trial judge, without the intervention of a jury, and upon an agreed case, or statement of facts, signed by the attorneys of the parties and filed as a part of the record of the cause. No witness or documentary evidence was introduced. The right of the furniture company to so proceed in replevin was sustained by the circuit judge, and Johnson appealed to the court of civil appeals. He had not made a motion for a new trial in the circuit court, and the appellate court held that because of that failure it could not review the

judgment of the circuit court, citing *Railroad* v. *Johnson,* 114 Tenn., 632, 88 S. W., 169; *Seymour* v. *Railroad,* 117 Tenn., 98, 98 S. W., 174.

This was an erroneous ruling. The agreed case when filed became a part of the record without any certification or signing by the trial judge. No bill of exceptions was requisite to preserve the grounds of exceptions as the foundation for a motion for a new trial. Such a motion was not essential. 3 C. J., 964; *Railroad* v. *Ray,* 124 Tenn., 16, 134 S. W., 858, Ann. Cas., 1912D, 910.

The court of civil appeals should have passed upon appellant's assignment of error in that court, as we now do; he having reassigned it in his petition for *certiorari* in this court.

The furniture company in the written sale contract retained title to the goods until paid for in full by the vendee, together with the right to take possession and dispose of same in accordance with the conditional sales statute. Johnson having made default as to certain installment payments, the furniture company sued and recovered a personal judgment thereon. Execution was returned *nulla bona,* and this replevin suit was later brought.

Petitioner Johnson insists that the taking of the personal judgment was a conclusive election on the part of the seller which prevents a subsequent resort to replevin, and his counsel relies upon the doctrine set forth in cases such as *Frisch* v. *Wells,* 200 Mass., 429, 86 N. E., 775, 23 L. R. A. (N. S.), 144, and *Francis*

v. *Bohart,* 76 Or., 1, 143 Pac., 920, 147 Pac., 755, L. R. A., 1916A, 922; *Norman* v. *Meeker,* 91 Wash., 534, 158 Pac., 78, Ann. Cas., 1917D, 462.

The reasoning of the courts which enforce this view is: That the vendor, upon breach by the vendee, has the option (a) to treat the contract as an agreement for goods sold and delivered and to sue for the price on that theory, or (b) to sue in tort for conversion, or in replevin for a specific recovery. If therefore the first remedy be resorted to, it rests upon the theory that after breach the title passed to the vendee, at the election of the plaintiff vendor. But, if one of second class of remedies be adopted, it rests upon the assumption that the title still remains in the plaintiff. These remedies, although alternative, are therefore held to be so far inconsistent that the bringing of a suit to obtain a personal judgment is a decisive election which precludes a later resort to replevin, or to trover for conversion. There is a sharp divergence in the decisions on this question, due perhaps to differences in fundamental conceptions as to the nature of the title retained in a conditional sale contract.

In this State such retention of title by a vendor is a security for the personal obligation for the price, partaking of the nature of a lien upon the chattel. *Automobile Co.* v. *Bicknell,* 129 Tenn., 496, 167 S. W., 108, Ann. Cas., 1916A, 265, and cases cited.

In this jurisdiction and several others, in contemplation of law, the personal obligation or debt is one thing, and the lien on given property securing the debt

is another. The creditor may enforce both, and his election to pursue one does not exclude or waive the other as a remedy. Thus the lien of a mortgage, whether on chattels or realty, is not merged by taking of a judgment on the obligation *in personam* without satisfaction, and the lien may be thereafter foreclosed in an action, to satisfy the judgment. *Stephens v. Greene County Iron Co.*, 11 Heisk. (58 Tenn.), 71; *Rossiter v. Merriman,* 80 Kan., 739, 104 Pac., 858, 24 L. R. A. (N. S.), 1095; 15 R. C. L., p. 789.

There is in this view of the basic right of the vendor no inconsistency in the two remedies or remedial rights. The action of replevin may be prosecuted to obtain possession, for the purpose of bringing the chattel to a sale under the terms of Thompson's Shannon's Code, section 3666. By section 3668, should the property fail to bring a sum sufficient to satisfy the seller's claim, the balance is a valid indebtedness against the purchaser.

Under the conception of the nature of the title retained so entertained by this court, there are, as has been observed, two features to be reckoned with: (a) The personal obligation, and (b) the lien which is incident to as security for that obligation. It was held in *Chitwood* v. *Trimble,* 2 Baxt. (61 Tenn.), 78, that the taking of a judgment on a note which was secured by an express vendor's lien did not operate to waive the lien, and that the lien might thereafter be enforced in an action brought for the purpose. The court there said:

"The lien was the incident of the debt, and not simply of the note, which was the evidence of the debt. Therefore, when the note was merged into a judgment, that became the evidence of the debt, and the lien continued an incident thereto. . . . The judgment against Trimble (the vendee) continued in force, and the lien, as an incident thereto, continued to exist."

See, also, *Bank* v. *Bradley,* 15 Lea (83 Tenn.), 279, 296; *Ballinger* v. *West Pub. Co.,* 239 U. S., 646, 36 Sup. Ct., 167, 60 L. Ed., 484.

In *Turner* v. *Brock,* 6 Heisk. (53 Tenn.), 50, it was held that the taking of a judgment *in personam,* in an action of case against a trespasser for the loss of property, does not prevent the maintenance of an action of replevin for that property; the judgment not having been satisfied.

In *Lovejoy* v. *Murray,* 3 Wall. (70 U. S.), 1, 18 L. Ed., 129, it was said:

"If the judgment does represent the price of the goods, does it follow that the defendant shall have the property before he has paid that price? The payment of the price and the transfer of the property are, in the ordinary contract of sale, concurrent acts. But in all such cases, what has the defendant in such second suit done to discharge himself from the obligation which the law imposes upon him, to make compensation? His liability must remain, in morals and on principle, until he does this."

See, also, for an analogous ruling, *Hines* v. *Perkins,* 2 Heisk. (49 Tenn.), 395, 402; and see *Southern Ice Co.* v. *Alley,* 127 Tenn., 173, 154 S. W., 536.

As suggested in argument, not infrequently it is the case that there is a disagreement as to the amount due from the purchaser, and such difference may be settled by the bringing of a suit for personal judgment at less cost and at less risk to the seller, than in an action of replevin.

If replevin follows the taking of such a judgment, and is sustained, ground is thereby afforded for a declaration of the satisfaction of the judgment in full or *pro tanto* as the case may be. The same result perhaps would be consequent upon a conversion of the property by a failure on the seller's part to bring to sale, as our conditional sales statute provides, after possession is thus obtained.

The ruling of the court of civil appeals is reversed in order to an affirmance of the judgment of the circuit court in favor of the furniture company. Costs of the appeal will be paid by appellant Johnson. The cause is remanded to the circuit court for further proceedings.