JORDAN DOUGLASS v. THE HOUSE FURNISHER'S Co., INC.

Western Section.  June 25, 1926.

No petition for Certiorari was filed.

1. **Sales.** The taking of a personal judgment against the purchaser under a conditional sales contract upon default does not preclude resort to replevin to recover the property for sale.
  Where goods are sold under a conditional sales contract, title being retained by the vendor, the security is not lost by a personal judgment against the debtor and the property may be replevied and sold.

Appeal in Error from Circuit Court, Shelby County; Hon. H. W. Laughlin, Judge.
Affirmed.
  Phil A. Rush, of Memphis, for appellant.
  E. L. Lerner, of Memphis, for appellee.

OWEN, J.  Jordan Douglass has appealed from a judgment rendered against him by Judge H. W. Laughlin without the intervention of a jury, for the sum of $23, the balance due on a contract executed for one refrigerator and one rug.  The defendant was to pay $1 a week..  After paying for a few weeks he made default and suit was instituted for the balance due ($28) before a justice of the peace.  From the justice's judgment there was an appeal to the circuit court, and while the case was there pending the seller of the property, plaintiff below, replevied the articles of furniture, advertised the same, according to law, or under Acts of 1889, and the property brought $5, the plaintiff being the purchaser.  In the trial before the circuit judge it was insisted that plaintiff was barred from a further recovery because they had replevied the property and sold it prior to final judgment.  This contention was not sustained and judgment rendered for the balance due plaintiff, amounting to $23.
  There was a motion for new trial, which was overruled, and an appeal prayed and granted, the defendant being allowed to perfect his appeal upon executing the pauper's oath.  This was done and the defendant has assigned errors, whereby it is insisted that the plaintiff sold the goods prematurely, therefore the plaintiff waived its right to a judgment for the deficiency existing after the sale.
  The second assignment is, the price of $5, at which this property was bid in by the plaintiff illustrates the vice of allowing the sale to be made under the circumstances and that the plaintiff is collecting from the defendant twice on the same goods.

Defendant relies upon the case of Lieberman v. Puckett, 94 Tenn., 274, where it was held that it was not wrong in the repurchasers holding up the sale until after a controversy over the possession of the property is ended. That rule of law doesn't help the defendant. It simply says that the seller (which is the plaintiff here) didn't waive its rights if he held up this sale until after the replevin suits was tried out and finally adjudicated.

We are of opinion that the present case is controlled by the rule announced in Johnson v. Martin Furniture Co., 139 Tenn., 580, where it was held that 'the taking of a personal judgment against the purchaser under a conditional sales contract upon default does not preclude resort to replevin to bring the property to sale, under Shannon's Code, section 3666, — the retention of title being security for the personal obligation, the security is not lost by the judgment.

There is no error in the judgment of the lower court and the assignments of error are overruled and the judgment of the lower court is affirmed. The defendant will pay the cost of the appeal, for which execution will issue.

Senter and Heiskell, JJ., concur.